# Exhibit 3

1  **JASSY VICK CAROLAN** LLP
   JEAN-PAUL JASSY, Cal. Bar No. 205513
2      jpjassy@jassyvick.com
   355 South Grand Avenue, Suite 2450
3  Los Angeles, California 90071
   Telephone:  310-870-7048
4  Facsimile:  310-870-7010

5  Attorneys for Non-Party Journalist
   Adam Vary
6

7
                  **UNITED STATES DISTRICT COURT**
8
            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
9

10
   ANTHONY RAPP and C.D.,              SDNY Case No. 1:20-cv-09586-LAK
11
                    Plaintiff,
12
                                       **OBJECTIONS OF NON-PARTY**
13         vs.                         **JOURNALIST ADAM VARY TO**
                                       **DEFENDANT KEVIN SPACEY**
14  KEVIN SPACEY FOWLER a/k/a          **FOWLER'S SUBPOENA TO**
    KEVIN SPACEY,                      **PRODUCE DOCUMENTS,**
15                                     **INFORMATION, OR OBJECTS OR TO**
                    Defendant.         **PERMIT INSPECTION OF PREMISES**
16                                     **IN A CIVIL ACTION**

17

18

19       Non-Party Journalist Adam Vary ("Vary") objects to the Subpoena to Produce

20  Documents, Information, or Objects or to Permit Inspection of Premises in a Civil

21  Action ("Subpoena") propounded by Defendant Kevin Spacey Fowler ("Defendant

22  or "Subpoenaing Party").

23

24

25

26

27

28

## GENERAL OBJECTIONS

Without waiving any rights to later raise other objections or to bring or oppose any motions or other procedures related to the Subpoena, Adam Vary objects to the Subpoena in its entirety on the following grounds:

1.      Vary objects to the Subpoena on the grounds that it fails to allow a reasonable time to comply.

2.      Vary, a non-party journalist who gathered material for dissemination to the public, objects to the Subpoena to the extent it calls for material protected against the compelled disclosure of unpublished information. *Shoen v. Shoen* (*"Shoen I"*), 5 F.3d 1289, 1292-1295 (9th Cir. 1993) ("Rooted in the First Amendment, the privilege is a recognition that society's interest in protecting the integrity of the newsgathering process, and in ensuring the free flow of information to the public, is an interest 'of sufficient social importance to justify some incidental sacrifice of sources of facts needed in the administration of justice'" and recognizing a qualified First Amendment privilege that applies to confidential and non-confidential information, and applies "in all judicial proceedings, civil and criminal alike"). The federal constitutional privilege protects both confidential and non-confidential information. *Shoen I*, 5 F.3d at 1295. Vary further objects to the Subpoena to the extent that it seeks materials protected by Article I, § 2(b) of the California Constitution, California Evidence Code § 1070, any other applicable state constitutional or statutory protection, and/or the common law. Vary's assertion of the reporter's privilege and reporter's shield derive from various authorities including but not limited to: (1) the qualified First Amendment privilege; (2) the reporter's privilege recognized under the common law pursuant to Federal Rule of Evidence 501; (3) the privilege and shield created by California Constitution, Art. 1, § 2(b), California Evidence Code § 1070(a) and related case law; and (4) any other applicable state constitutional or statutory protection, and/or the common law. *See also Shoen I*, 5 F.3d at 1292-95; *Shoen v. Shoen* (*"Shoen II"*), 48 F.3d 412, 414-416 (9th Cir. 1995) (the federal constitutional

NON-PARTY JOURNALIST ADAM VARY'S
OBJECTIONS TO SUBPOENA FOR DOCUMENTS

1    standard must be rigorous to "ensure that compelled disclosure is the exception, not

2    the rule," and the privilege must prevail in "all but the most exceptional cases");

3    *Gonzales v. Nat'l Broad. Co.*, 194 F.3d 29 (2d Cir. 1999); *Los Angeles Memorial*

4    *Coliseum Comm'n v. National Football League*, 89 F.R.D. 489, 492-496 (C.D. Cal.

5    1981); *Carushka v. Premiere Products, Inc.*, 1989 WL 253565 (C.D. Cal. Sep. 1,

6    1989), *2; *New York Times Co. v. Superior Court*, 51 Cal. 3d 453, 456, 461, 462

7    (1990) (California reporter's shield law provides "on its face an absolute immunity,"

8    and a civil litigant has no federal or state constitutional rights which are sufficient to

9    overcome journalist's rights under the shield law even upon a purported "showing of

10   need for unpublished information") (emphasis added; internal quotation marks

11   omitted); *McGarry v. Univ. of San Diego*, 154 Cal. App. 4th 97, 119-120 (2007) ("the

12   Shield Law confers an absolute immunity against compelled disclosure of the

13   protected information and, although that immunity must occasionally yield when it

14   threatens to frustrate the competing federal constitutional right of a criminal

15   defendant to a fair trial, there is no analogous competing right of a civil litigant that

16   will suffice to overcome the immunity"); *accord* N.Y. Const., art. I, § 8; N.Y. Civ.

17   Rights Law § 79-h; *O'Neill v. Oakgrove Constr., Inc.*, 71 N.Y.2d 521, 523 N.E.2d

18   277 (1988); *Flynn v. NYP Holdings, Inc.*, 235 A.D.2d 907, 652 N.Y.S.2d 833 (3d

19   Dep't 1997).  The authorities referenced in this paragraph are collectively referred to

20   herein as the "Reporter's Privilege/Shield."

21        3.    Vary also objects to the Subpoena to the extent it seeks information

22   and/or documents outside of Vary's possession, custody, or control, or that are not

23   known or reasonably available to him.

24        4.    Vary further objects to the Subpoena to the extent it purports to impose

25   any duty upon Vary that is inconsistent with, or beyond that required by the Federal

26   Rules of Civil Procedure, any applicable orders or rules of the Court, or other

27   applicable law or rules.

28

5.      Vary objects to the Subpoena to the extent it requires the disclosure of information or documents, if any, prepared in anticipation of litigation or subject to a claim of privilege or protection, including, without limitation, the attorney work product doctrine, or recognized privacy, confidentiality, proprietary and/or trade secret interests.  Vary hereby claims such privileges and protections to the extent available.

6.      Vary objects to the Subpoena to the extent it requires Vary to disclose information and/or documents that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

7.      Vary objects to the Subpoena on the grounds that it imposes unreasonable and undue burdens that outweigh any potential relevance of the information sought.

8.      Vary further objects to the Subpoena to the extent that it seeks information that can be obtained through other means of discovery that are more convenient, less burdensome, or less expensive.

9.      Vary further objects to the Subpoena to the extent that it seeks material that is publicly available, accessible from parties to the action and/or already in one or more of the parties to the action's possession, custody, or control.

10.     Vary objects to the "Definitions and Instructions" attached to the Subpoena as vague, ambiguous, overbroad and unduly burdensome.

11.     Notwithstanding the specificity of Vary's Responses set forth below, he expressly incorporates these General Objections by reference as though fully set forth into his Responses.  Thus, if any objection contained above is not restated under the specific Response to an individual Request, this should not be construed as a waiver of any such objections.

12.     Vary reserves the right to ask the Court to order the Subpoenaing Party to pay all expenses associated with responding to the Subpoena or any portion thereof.  *See* Fed. R. Civ. P. 45(d)(2)(B)(ii).

1
2
3     **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

4          Subject to and without waiving the General Response and General Objections
5     set forth above, Adam Vary responds and objects to the individual Document
6     Requests as follow:

7

8     **REQUEST FOR PRODUCTION NO. 1:**

9          All Documents Concerning any Communication between You and Plaintiff
10    about Fowler.

11    **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

12         Vary incorporates by reference, as if fully set forth herein, the General
13    Objections set forth above. Vary objects to this Request to the extent that it calls for
14    material protected from disclosure by the Reporter's Privilege/Shield. Vary objects
15    to this Request to the extent that it calls for material protected from disclosure by the
16    attorney-client privilege, the attorney work product doctrine, and any other applicable
17    privilege or doctrine. Vary objects to this Request to the extent it calls for the
18    disclosure of material protected from disclosure by the right to privacy. Vary objects
19    to this Request as vague, ambiguous, overbroad and unduly burdensome. Vary
20    objects to this Request to the extent that it calls for material that is publicly available
21    and/or equally accessible to the Subpoenaing Party. Vary objects to this Request to
22    the extent that it calls for material not in Vary's possession, custody or control. Vary
23    objects to this Request to the extent that it calls for material that is not relevant and/or
24    not reasonably calculated to lead to the discovery of admissible evidence. Vary
25    objects to this Request on the grounds that the burden associated with searching for
26    and producing potentially responsive materials, if any, is not proportionate to the
27    relevance, if any, of the requested material.

28

1

2

3  **REQUEST FOR PRODUCTION NO. 2:**

4    All Documents Concerning any Communication between You and Plaintiff

5  about Fowler's alleged sexual abuse and/or assault of Plaintiff.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

7    Vary incorporates by reference, as if fully set forth herein, the General

8  Objections set forth above.  Vary objects to this Request to the extent that it calls for

9  material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

10  to this Request to the extent that it calls for material protected from disclosure by the

11  attorney-client privilege, the attorney work product doctrine, and any other applicable

12  privilege or doctrine.  Vary objects to this Request to the extent it calls for the

13  disclosure of material protected from disclosure by the right to privacy.  Vary objects

14  to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

15  objects to this Request to the extent that it calls for material that is publicly available

16  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

17  the extent that it calls for material not in Vary's possession, custody or control.  Vary

18  objects to this Request to the extent that it calls for material that is not relevant and/or

19  not reasonably calculated to lead to the discovery of admissible evidence.  Vary

20  objects to this Request on the grounds that the burden associated with searching for

21  and producing potentially responsive materials, if any, is not proportionate to the

22  relevance, if any, of the requested material.

23

24  **REQUEST FOR PRODUCTION NO. 3:**

25    All Documents Concerning any action You took relating to Fowler's alleged

26  sexual abuse and/or assault of Plaintiff after learning of it.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

28

---

NON-PARTY JOURNALIST ADAM VARY'S
OBJECTIONS TO SUBPOENA FOR DOCUMENTS

1    Vary incorporates by reference, as if fully set forth herein, the General

2  Objections set forth above.  Vary objects to this Request to the extent that it calls for

3  material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

4  to this Request to the extent that it calls for material protected from disclosure by the

5  attorney-client privilege, the attorney work product doctrine, and any other applicable

6  privilege or doctrine.  Vary objects to this Request to the extent it calls for the

7  disclosure of material protected from disclosure by the right to privacy.  Vary objects

8  to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

9  objects to this Request to the extent that it calls for material that is publicly available

10  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

11  the extent that it calls for material not in Vary's possession, custody or control.  Vary

12  objects to this Request to the extent that it calls for material that is not relevant and/or

13  not reasonably calculated to lead to the discovery of admissible evidence.  Vary

14  objects to this Request on the grounds that the burden associated with searching for

15  and producing potentially responsive materials, if any, is not proportionate to the

16  relevance, if any, of the requested material.

17

18  **REQUEST FOR PRODUCTION NO. 4:**

19    All Documents Concerning any Communication between You and Plaintiff

20  about any claim by Plaintiff of sexual misconduct or sexual assault.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

22    Vary incorporates by reference, as if fully set forth herein, the General

23  Objections set forth above.  Vary objects to this Request to the extent that it calls for

24  material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

25  to this Request to the extent that it calls for material protected from disclosure by the

26  attorney-client privilege, the attorney work product doctrine, and any other applicable

27  privilege or doctrine.  Vary objects to this Request to the extent it calls for the

28  disclosure of material protected from disclosure by the right to privacy.  Vary objects

1   to this Request as vague, ambiguous, overbroad and unduly burdensome. Vary

2   objects to this Request to the extent that it calls for material that is publicly available

3   and/or equally accessible to the Subpoenaing Party. Vary objects to this Request to

4   the extent that it calls for material not in Vary's possession, custody or control. Vary

5   objects to this Request to the extent that it calls for material that is not relevant and/or

6   not reasonably calculated to lead to the discovery of admissible evidence. Vary

7   objects to this Request on the grounds that the burden associated with searching for

8   and producing potentially responsive materials, if any, is not proportionate to the

9   relevance, if any, of the requested material.

10

11   **REQUEST FOR PRODUCTION NO. 5:**

12        All Documents Concerning any Communication between You and any Person

13   about any claim by Plaintiff of sexual misconduct or sexual assault.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

15        Vary incorporates by reference, as if fully set forth herein, the General

16   Objections set forth above. Vary objects to this Request to the extent that it calls for

17   material protected from disclosure by the Reporter's Privilege/Shield. Vary objects

18   to this Request to the extent that it calls for material protected from disclosure by the

19   attorney-client privilege, the attorney work product doctrine, and any other applicable

20   privilege or doctrine. Vary objects to this Request to the extent it calls for the

21   disclosure of material protected from disclosure by the right to privacy. Vary objects

22   to this Request as vague, ambiguous, overbroad and unduly burdensome. Vary

23   objects to this Request to the extent that it calls for material that is publicly available

24   and/or equally accessible to the Subpoenaing Party. Vary objects to this Request to

25   the extent that it calls for material not in Vary's possession, custody or control. Vary

26   objects to this Request to the extent that it calls for material that is not relevant and/or

27   not reasonably calculated to lead to the discovery of admissible evidence. Vary

28   objects to this Request on the grounds that the burden associated with searching for

1 and producing potentially responsive materials, if any, is not proportionate to the
2 relevance, if any, of the requested material.

3

4 **REQUEST FOR PRODUCTION NO. 6:**

5      All Documents in Your custody, possession, or control Concerning any claim
6 by Plaintiff that he was a victim of sexual misconduct or sexual assault.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

8      Vary incorporates by reference, as if fully set forth herein, the General
9 Objections set forth above. Vary objects to this Request to the extent that it calls for
10 material protected from disclosure by the Reporter's Privilege/Shield. Vary objects
11 to this Request to the extent that it calls for material protected from disclosure by the
12 attorney-client privilege, the attorney work product doctrine, and any other applicable
13 privilege or doctrine. Vary objects to this Request to the extent it calls for the
14 disclosure of material protected from disclosure by the right to privacy. Vary objects
15 to this Request as vague, ambiguous, overbroad and unduly burdensome. Vary
16 objects to this Request to the extent that it calls for material that is publicly available
17 and/or equally accessible to the Subpoenaing Party. Vary objects to this Request to
18 the extent that it calls for material not in Vary's possession, custody or control. Vary
19 objects to this Request to the extent that it calls for material that is not relevant and/or
20 not reasonably calculated to lead to the discovery of admissible evidence. Vary
21 objects to this Request on the grounds that the burden associated with searching for
22 and producing potentially responsive materials, if any, is not proportionate to the
23 relevance, if any, of the requested material.

24

25 **REQUEST FOR PRODUCTION NO. 7:**

26      All Documents in Your custody, possession, or control Concerning any claim
27 by any Person that Fowler allegedly engaged in any act of sexual misconduct or
28 sexual assault.

-8-                    NON-PARTY JOURNALIST ADAM VARY'S
                       OBJECTIONS TO SUBPOENA FOR DOCUMENTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Vary incorporates by reference, as if fully set forth herein, the General Objections set forth above.  Vary objects to this Request to the extent that it calls for material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects to this Request to the extent that it calls for material protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or doctrine.  Vary objects to this Request to the extent it calls for the disclosure of material protected from disclosure by the right to privacy.  Vary objects to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary objects to this Request to the extent that it calls for material that is publicly available and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to the extent that it calls for material not in Vary's possession, custody or control.  Vary objects to this Request to the extent that it calls for material that is not relevant and/or not reasonably calculated to lead to the discovery of admissible evidence.  Vary objects to this Request on the grounds that the burden associated with searching for and producing potentially responsive materials, if any, is not proportionate to the relevance, if any, of the requested material.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents Concerning any Communication between You and any Person about any media reports or articles about Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Vary incorporates by reference, as if fully set forth herein, the General Objections set forth above.  Vary objects to this Request to the extent that it calls for material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects to this Request to the extent that it calls for material protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or doctrine.  Vary objects to this Request to the extent it calls for the

1   disclosure of material protected from disclosure by the right to privacy.  Vary objects

2   to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

3   objects to this Request to the extent that it calls for material that is publicly available

4   and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

5   the extent that it calls for material not in Vary's possession, custody or control.  Vary

6   objects to this Request to the extent that it calls for material that is not relevant and/or

7   not reasonably calculated to lead to the discovery of admissible evidence.  Vary

8   objects to this Request on the grounds that the burden associated with searching for

9   and producing potentially responsive materials, if any, is not proportionate to the

10  relevance, if any, of the requested material.

11

12  **REQUEST FOR PRODUCTION NO. 9:**

13       All Documents Concerning any Communication between You and any

14  reporter, writer, journalist, or other member of the media about Plaintiff.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

16       Vary incorporates by reference, as if fully set forth herein, the General

17  Objections set forth above.  Vary objects to this Request to the extent that it calls for

18  material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

19  to this Request to the extent that it calls for material protected from disclosure by the

20  attorney-client privilege, the attorney work product doctrine, and any other applicable

21  privilege or doctrine.  Vary objects to this Request to the extent it calls for the

22  disclosure of material protected from disclosure by the right to privacy.  Vary objects

23  to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

24  objects to this Request to the extent that it calls for material that is publicly available

25  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

26  the extent that it calls for material not in Vary's possession, custody or control.  Vary

27  objects to this Request to the extent that it calls for material that is not relevant and/or

28  not reasonably calculated to lead to the discovery of admissible evidence.  Vary

1  objects to this Request on the grounds that the burden associated with searching for

2  and producing potentially responsive materials, if any, is not proportionate to the

3  relevance, if any, of the requested material.

4  **REQUEST FOR PRODUCTION NO. 10:**

5     All Documents Concerning any Communication between You and Plaintiff

6  about any sexual encounter involving Plaintiff.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

8     Vary incorporates by reference, as if fully set forth herein, the General

9  Objections set forth above.  Vary objects to this Request to the extent that it calls for

10  material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

11  to this Request to the extent that it calls for material protected from disclosure by the

12  attorney-client privilege, the attorney work product doctrine, and any other applicable

13  privilege or doctrine.  Vary objects to this Request to the extent it calls for the

14  disclosure of material protected from disclosure by the right to privacy.  Vary objects

15  to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

16  objects to this Request to the extent that it calls for material that is publicly available

17  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

18  the extent that it calls for material not in Vary's possession, custody or control.  Vary

19  objects to this Request to the extent that it calls for material that is not relevant and/or

20  not reasonably calculated to lead to the discovery of admissible evidence.  Vary

21  objects to this Request on the grounds that the burden associated with searching for

22  and producing potentially responsive materials, if any, is not proportionate to the

23  relevance, if any, of the requested material.

24

25  **REQUEST FOR PRODUCTION NO. 11:**

26     All Documents Concerning any Communication between You and any Person

27  about any sexual encounter involving Plaintiff.

28  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

1  Vary incorporates by reference, as if fully set forth herein, the General

2  Objections set forth above.  Vary objects to this Request to the extent that it calls for

3  material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

4  to this Request to the extent that it calls for material protected from disclosure by the

5  attorney-client privilege, the attorney work product doctrine, and any other applicable

6  privilege or doctrine.  Vary objects to this Request to the extent it calls for the

7  disclosure of material protected from disclosure by the right to privacy.  Vary objects

8  to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

9  objects to this Request to the extent that it calls for material that is publicly available

10  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

11  the extent that it calls for material not in Vary's possession, custody or control.  Vary

12  objects to this Request to the extent that it calls for material that is not relevant and/or

13  not reasonably calculated to lead to the discovery of admissible evidence.  Vary

14  objects to this Request on the grounds that the burden associated with searching for

15  and producing potentially responsive materials, if any, is not proportionate to the

16  relevance, if any, of the requested material.

17

18  **REQUEST FOR PRODUCTION NO. 12:**

19  All Documents Concerning Any Communication between You and Plaintiff

20  about any psychological injury or emotional distress suffered by Plaintiff.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

22  Vary incorporates by reference, as if fully set forth herein, the General

23  Objections set forth above.  Vary objects to this Request to the extent that it calls for

24  material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

25  to this Request to the extent that it calls for material protected from disclosure by the

26  attorney-client privilege, the attorney work product doctrine, and any other applicable

27  privilege or doctrine.  Vary objects to this Request to the extent it calls for the

28  disclosure of material protected from disclosure by the right to privacy.  Vary objects

NON-PARTY JOURNALIST ADAM VARY'S
OBJECTIONS TO SUBPOENA FOR DOCUMENTS

1  to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

2  objects to this Request to the extent that it calls for material that is publicly available

3  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

4  the extent that it calls for material not in Vary's possession, custody or control.  Vary

5  objects to this Request to the extent that it calls for material that is not relevant and/or

6  not reasonably calculated to lead to the discovery of admissible evidence.  Vary

7  objects to this Request on the grounds that the burden associated with searching for

8  and producing potentially responsive materials, if any, is not proportionate to the

9  relevance, if any, of the requested material.

10

11  **REQUEST FOR PRODUCTION NO. 13:**

12      All Documents Concerning any Communication between You and Plaintiff

13  about Plaintiff's experience working on Broadway in "Precious Sons" in

14  approximately 1986.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

16      Vary incorporates by reference, as if fully set forth herein, the General

17  Objections set forth above.  Vary objects to this Request to the extent that it calls for

18  material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

19  to this Request to the extent that it calls for material protected from disclosure by the

20  attorney-client privilege, the attorney work product doctrine, and any other applicable

21  privilege or doctrine.  Vary objects to this Request to the extent it calls for the

22  disclosure of material protected from disclosure by the right to privacy.  Vary objects

23  to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

24  objects to this Request to the extent that it calls for material that is publicly available

25  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

26  the extent that it calls for material not in Vary's possession, custody or control.  Vary

27  objects to this Request to the extent that it calls for material that is not relevant and/or

28  not reasonably calculated to lead to the discovery of admissible evidence.  Vary

1   objects to this Request on the grounds that the burden associated with searching for

2   and producing potentially responsive materials, if any, is not proportionate to the

3   relevance, if any, of the requested material.

4   **REQUEST FOR PRODUCTION NO. 14:**

5       All Documents Concerning any Communication between You and Plaintiff

6   about Plaintiff's experience working on Broadway in "The Little Prince."

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

8       Vary incorporates by reference, as if fully set forth herein, the General

9   Objections set forth above.  Vary objects to this Request to the extent that it calls for

10  material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

11  to this Request to the extent that it calls for material protected from disclosure by the

12  attorney-client privilege, the attorney work product doctrine, and any other applicable

13  privilege or doctrine.  Vary objects to this Request to the extent it calls for the

14  disclosure of material protected from disclosure by the right to privacy.  Vary objects

15  to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

16  objects to this Request to the extent that it calls for material that is publicly available

17  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

18  the extent that it calls for material not in Vary's possession, custody or control.  Vary

19  objects to this Request to the extent that it calls for material that is not relevant and/or

20  not reasonably calculated to lead to the discovery of admissible evidence.  Vary

21  objects to this Request on the grounds that the burden associated with searching for

22  and producing potentially responsive materials, if any, is not proportionate to the

23  relevance, if any, of the requested material.

24

25  **REQUEST FOR PRODUCTION NO. 15:**

26      All Documents Concerning any Communication between You and Plaintiff

27  about Plaintiffs' experience working as an actor in New York before he turned 18

28  years old.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Vary incorporates by reference, as if fully set forth herein, the General Objections set forth above.  Vary objects to this Request to the extent that it calls for material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects to this Request to the extent that it calls for material protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or doctrine.  Vary objects to this Request to the extent it calls for the disclosure of material protected from disclosure by the right to privacy.  Vary objects to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary objects to this Request to the extent that it calls for material that is publicly available and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to the extent that it calls for material not in Vary's possession, custody or control.  Vary objects to this Request to the extent that it calls for material that is not relevant and/or not reasonably calculated to lead to the discovery of admissible evidence.  Vary objects to this Request on the grounds that the burden associated with searching for and producing potentially responsive materials, if any, is not proportionate to the relevance, if any, of the requested material.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents Concerning any Communication between You and Plaintiff about Yul Brynner.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Vary incorporates by reference, as if fully set forth herein, the General Objections set forth above.  Vary objects to this Request to the extent that it calls for material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects to this Request to the extent that it calls for material protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or doctrine.  Vary objects to this Request to the extent it calls for the

1  disclosure of material protected from disclosure by the right to privacy.  Vary objects

2  to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

3  objects to this Request to the extent that it calls for material that is publicly available

4  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

5  the extent that it calls for material not in Vary's possession, custody or control.  Vary

6  objects to this Request to the extent that it calls for material that is not relevant and/or

7  not reasonably calculated to lead to the discovery of admissible evidence.  Vary

8  objects to this Request on the grounds that the burden associated with searching for

9  and producing potentially responsive materials, if any, is not proportionate to the

10  relevance, if any, of the requested material.

11

12  **REQUEST FOR PRODUCTION NO. 17:**

13      All Documents Concerning any Communication between You and Plaintiff

14  about Susan Tyrell.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

16      Vary incorporates by reference, as if fully set forth herein, the General

17  Objections set forth above.  Vary objects to this Request to the extent that it calls for

18  material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

19  to this Request to the extent that it calls for material protected from disclosure by the

20  attorney-client privilege, the attorney work product doctrine, and any other applicable

21  privilege or doctrine.  Vary objects to this Request to the extent it calls for the

22  disclosure of material protected from disclosure by the right to privacy.  Vary objects

23  to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

24  objects to this Request to the extent that it calls for material that is publicly available

25  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

26  the extent that it calls for material not in Vary's possession, custody or control.  Vary

27  objects to this Request to the extent that it calls for material that is not relevant and/or

28  not reasonably calculated to lead to the discovery of admissible evidence.  Vary

1    objects to this Request on the grounds that the burden associated with searching for

2    and producing potentially responsive materials, if any, is not proportionate to the

3    relevance, if any, of the requested material.

4

5    **REQUEST FOR PRODUCTION NO. 18:**

6         All Documents Concerning any Communication between You and Plaintiff

7    about Ed Harris.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

9         Vary incorporates by reference, as if fully set forth herein, the General

10   Objections set forth above.  Vary objects to this Request to the extent that it calls for

11   material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

12   to this Request to the extent that it calls for material protected from disclosure by the

13   attorney-client privilege, the attorney work product doctrine, and any other applicable

14   privilege or doctrine.  Vary objects to this Request to the extent it calls for the

15   disclosure of material protected from disclosure by the right to privacy.  Vary objects

16   to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

17   objects to this Request to the extent that it calls for material that is publicly available

18   and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

19   the extent that it calls for material not in Vary's possession, custody or control.  Vary

20   objects to this Request to the extent that it calls for material that is not relevant and/or

21   not reasonably calculated to lead to the discovery of admissible evidence.  Vary

22   objects to this Request on the grounds that the burden associated with searching for

23   and producing potentially responsive materials, if any, is not proportionate to the

24   relevance, if any, of the requested material.

25

26   **REQUEST FOR PRODUCTION NO. 19:**

27        All Documents Concerning any Communication between You and Plaintiff

28   about Amy Madigan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Vary incorporates by reference, as if fully set forth herein, the General Objections set forth above.  Vary objects to this Request to the extent that it calls for material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects to this Request to the extent that it calls for material protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or doctrine.  Vary objects to this Request to the extent it calls for the disclosure of material protected from disclosure by the right to privacy.  Vary objects to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary objects to this Request to the extent that it calls for material that is publicly available and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to the extent that it calls for material not in Vary's possession, custody or control.  Vary objects to this Request to the extent that it calls for material that is not relevant and/or not reasonably calculated to lead to the discovery of admissible evidence.  Vary objects to this Request on the grounds that the burden associated with searching for and producing potentially responsive materials, if any, is not proportionate to the relevance, if any, of the requested material.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents Concerning any Communication between You and Fowler.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Vary incorporates by reference, as if fully set forth herein, the General Objections set forth above.  Vary objects to this Request to the extent that it calls for material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects to this Request to the extent that it calls for material protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or doctrine.  Vary objects to this Request to the extent it calls for the disclosure of material protected from disclosure by the right to privacy.  Vary objects

1  to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

2  objects to this Request to the extent that it calls for material that is publicly available

3  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

4  the extent that it calls for material not in Vary's possession, custody or control.  Vary

5  objects to this Request to the extent that it calls for material that is not relevant and/or

6  not reasonably calculated to lead to the discovery of admissible evidence.  Vary

7  objects to this Request on the grounds that the burden associated with searching for

8  and producing potentially responsive materials, if any, is not proportionate to the

9  relevance, if any, of the requested material.

10

11  **REQUEST FOR PRODUCTION NO. 21:**

12       All Documents Concerning any Communication between You and any Person

13  about this lawsuit.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

15       Vary incorporates by reference, as if fully set forth herein, the General

16  Objections set forth above.  Vary objects to this Request to the extent that it calls for

17  material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

18  to this Request to the extent that it calls for material protected from disclosure by the

19  attorney-client privilege, the attorney work product doctrine, and any other applicable

20  privilege or doctrine.  Vary objects to this Request to the extent it calls for the

21  disclosure of material protected from disclosure by the right to privacy.  Vary objects

22  to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

23  objects to this Request to the extent that it calls for material that is publicly available

24  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

25  the extent that it calls for material not in Vary's possession, custody or control.  Vary

26  objects to this Request to the extent that it calls for material that is not relevant and/or

27  not reasonably calculated to lead to the discovery of admissible evidence.  Vary

28  objects to this Request on the grounds that the burden associated with searching for

1  and producing potentially responsive materials, if any, is not proportionate to the

2  relevance, if any, of the requested material.

3

4  **REQUEST FOR PRODUCTION NO. 22:**

5        All Documents Concerning any Communication between You and Peter

6  Saghir, Richard Steigman, Rachel Jacobs, or anyone else at the law firm Gair, Gair,

7  Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, which is counsel

8  for Plaintiff in this action.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

10        Vary incorporates by reference, as if fully set forth herein, the General

11  Objections set forth above.  Vary objects to this Request to the extent that it calls for

12  material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

13  to this Request to the extent that it calls for material protected from disclosure by the

14  attorney-client privilege, the attorney work product doctrine, and any other applicable

15  privilege or doctrine.  Vary objects to this Request to the extent it calls for the

16  disclosure of material protected from disclosure by the right to privacy.  Vary objects

17  to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

18  objects to this Request to the extent that it calls for material that is publicly available

19  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

20  the extent that it calls for material not in Vary's possession, custody or control.  Vary

21  objects to this Request to the extent that it calls for material that is not relevant and/or

22  not reasonably calculated to lead to the discovery of admissible evidence.  Vary

23  objects to this Request on the grounds that the burden associated with searching for

24  and producing potentially responsive materials, if any, is not proportionate to the

25  relevance, if any, of the requested material.

26

27  **REQUEST FOR PRODUCTION NO. 23:**

28

-20-    NON-PARTY JOURNALIST ADAM VARY'S
OBJECTIONS TO SUBPOENA FOR DOCUMENTS

1       All Documents Concerning any Communication between You and Robin

2 Magid about Plaintiff.

3 **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

4       Vary incorporates by reference, as if fully set forth herein, the General

5 Objections set forth above. Vary objects to this Request to the extent that it calls for

6 material protected from disclosure by the Reporter's Privilege/Shield. Vary objects

7 to this Request to the extent that it calls for material protected from disclosure by the

8 attorney-client privilege, the attorney work product doctrine, and any other applicable

9 privilege or doctrine. Vary objects to this Request to the extent it calls for the

10 disclosure of material protected from disclosure by the right to privacy. Vary objects

11 to this Request as vague, ambiguous, overbroad and unduly burdensome. Vary

12 objects to this Request to the extent that it calls for material that is publicly available

13 and/or equally accessible to the Subpoenaing Party. Vary objects to this Request to

14 the extent that it calls for material not in Vary's possession, custody or control. Vary

15 objects to this Request to the extent that it calls for material that is not relevant and/or

16 not reasonably calculated to lead to the discovery of admissible evidence. Vary

17 objects to this Request on the grounds that the burden associated with searching for

18 and producing potentially responsive materials, if any, is not proportionate to the

19 relevance, if any, of the requested material.

20

21 **REQUEST FOR PRODUCTION NO. 24:**

22       All Documents Concerning any Communication between You and Lisa

23 Rocchio about Plaintiff.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

25       Vary incorporates by reference, as if fully set forth herein, the General

26 Objections set forth above. Vary objects to this Request to the extent that it calls for

27 material protected from disclosure by the Reporter's Privilege/Shield. Vary objects

28 to this Request to the extent that it calls for material protected from disclosure by the

1  attorney-client privilege, the attorney work product doctrine, and any other applicable

2  privilege or doctrine.  Vary objects to this Request to the extent it calls for the

3  disclosure of material protected from disclosure by the right to privacy.  Vary objects

4  to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

5  objects to this Request to the extent that it calls for material that is publicly available

6  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

7  the extent that it calls for material not in Vary's possession, custody or control.  Vary

8  objects to this Request to the extent that it calls for material that is not relevant and/or

9  not reasonably calculated to lead to the discovery of admissible evidence.  Vary

10  objects to this Request on the grounds that the burden associated with searching for

11  and producing potentially responsive materials, if any, is not proportionate to the

12  relevance, if any, of the requested material.

13

14  **REQUEST FOR PRODUCTION NO. 25:**

15      All Documents Concerning any Communication between You Alex Jung

16  regarding Plaintiff.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

18      Vary incorporates by reference, as if fully set forth herein, the General

19  Objections set forth above.  Vary objects to this Request to the extent that it calls for

20  material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

21  to this Request to the extent that it calls for material protected from disclosure by the

22  attorney-client privilege, the attorney work product doctrine, and any other applicable

23  privilege or doctrine.  Vary objects to this Request to the extent it calls for the

24  disclosure of material protected from disclosure by the right to privacy.  Vary objects

25  to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

26  objects to this Request to the extent that it calls for material that is publicly available

27  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

28  the extent that it calls for material not in Vary's possession, custody or control.  Vary

1   objects to this Request to the extent that it calls for material that is not relevant and/or
2   not reasonably calculated to lead to the discovery of admissible evidence.  Vary
3   objects to this Request on the grounds that the burden associated with searching for
4   and producing potentially responsive materials, if any, is not proportionate to the
5   relevance, if any, of the requested material.

6

7   **REQUEST FOR PRODUCTION NO. 26:**
8      All Documents Concerning any Communication between You and any Person
9   employed by New York Magazine about Mr. Fowler.
10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**
11     Vary incorporates by reference, as if fully set forth herein, the General
12  Objections set forth above.  Vary objects to this Request to the extent that it calls for
13  material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects
14  to this Request to the extent that it calls for material protected from disclosure by the
15  attorney-client privilege, the attorney work product doctrine, and any other applicable
16  privilege or doctrine.  Vary objects to this Request to the extent it calls for the
17  disclosure of material protected from disclosure by the right to privacy.  Vary objects
18  to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary
19  objects to this Request to the extent that it calls for material that is publicly available
20  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to
21  the extent that it calls for material not in Vary's possession, custody or control.  Vary
22  objects to this Request to the extent that it calls for material that is not relevant and/or
23  not reasonably calculated to lead to the discovery of admissible evidence.  Vary
24  objects to this Request on the grounds that the burden associated with searching for
25  and producing potentially responsive materials, if any, is not proportionate to the
26  relevance, if any, of the requested material.

27

28

NON-PARTY JOURNALIST ADAM VARY'S
OBJECTIONS TO SUBPOENA FOR DOCUMENTS

1  **REQUEST FOR PRODUCTION NO. 27:**

2      All Documents Concerning any Communication between You and any Person

3  about Fowler.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

5      Vary incorporates by reference, as if fully set forth herein, the General

6  Objections set forth above.  Vary objects to this Request to the extent that it calls for

7  material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

8  to this Request to the extent that it calls for material protected from disclosure by the

9  attorney-client privilege, the attorney work product doctrine, and any other applicable

10  privilege or doctrine.  Vary objects to this Request to the extent it calls for the

11  disclosure of material protected from disclosure by the right to privacy.  Vary objects

12  to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

13  objects to this Request to the extent that it calls for material that is publicly available

14  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

15  the extent that it calls for material not in Vary's possession, custody or control.  Vary

16  objects to this Request to the extent that it calls for material that is not relevant and/or

17  not reasonably calculated to lead to the discovery of admissible evidence.  Vary

18  objects to this Request on the grounds that the burden associated with searching for

19  and producing potentially responsive materials, if any, is not proportionate to the

20  relevance, if any, of the requested material.

21

22  **REQUEST FOR PRODUCTION NO. 28:**

23      All Documents, Concerning the article You wrote for BuzzFeed News title,

24  "Actor Anthony Rapp: Kevin Spacey Made a Sexual Advance Toward Me When I

25  was 14."

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

27      Vary incorporates by reference, as if fully set forth herein, the General

28  Objections set forth above.  Vary objects to this Request to the extent that it calls for

1  material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects
2  to this Request to the extent that it calls for material protected from disclosure by the
3  attorney-client privilege, the attorney work product doctrine, and any other applicable
4  privilege or doctrine.  Vary objects to this Request to the extent it calls for the
5  disclosure of material protected from disclosure by the right to privacy.  Vary objects
6  to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary
7  objects to this Request to the extent that it calls for material that is publicly available
8  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to
9  the extent that it calls for material not in Vary's possession, custody or control.  Vary
10 objects to this Request to the extent that it calls for material that is not relevant and/or
11 not reasonably calculated to lead to the discovery of admissible evidence.  Vary
12 objects to this Request on the grounds that the burden associated with searching for
13 and producing potentially responsive materials, if any, is not proportionate to the
14 relevance, if any, of the requested material.

15

16 **REQUEST FOR PRODUCTION NO. 29:**

17      All Documents, Including notes, recordings from any interviews, drafts of
18 articles, or any other materials, Concerning Mr. Rapp's allegations against Mr.
19 Fowler.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

21      Vary incorporates by reference, as if fully set forth herein, the General
22 Objections set forth above.  Vary objects to this Request to the extent that it calls for
23 material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects
24 to this Request to the extent that it calls for material protected from disclosure by the
25 attorney-client privilege, the attorney work product doctrine, and any other applicable
26 privilege or doctrine.  Vary objects to this Request to the extent it calls for the
27 disclosure of material protected from disclosure by the right to privacy.  Vary objects
28 to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

1  objects to this Request to the extent that it calls for material that is publicly available

2  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

3  the extent that it calls for material not in Vary's possession, custody or control.  Vary

4  objects to this Request to the extent that it calls for material that is not relevant and/or

5  not reasonably calculated to lead to the discovery of admissible evidence.  Vary

6  objects to this Request on the grounds that the burden associated with searching for

7  and producing potentially responsive materials, if any, is not proportionate to the

8  relevance, if any, of the requested material.

9

10  **REQUEST FOR PRODUCTION NO. 30:**

11        All Documents in your custody, possession, or control Concerning Fowler.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

13        Vary incorporates by reference, as if fully set forth herein, the General

14  Objections set forth above.  Vary objects to this Request to the extent that it calls for

15  material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

16  to this Request to the extent that it calls for material protected from disclosure by the

17  attorney-client privilege, the attorney work product doctrine, and any other applicable

18  privilege or doctrine.  Vary objects to this Request to the extent it calls for the

19  disclosure of material protected from disclosure by the right to privacy.  Vary objects

20  to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

21  objects to this Request to the extent that it calls for material that is publicly available

22  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

23  the extent that it calls for material not in Vary's possession, custody or control.  Vary

24  objects to this Request to the extent that it calls for material that is not relevant and/or

25  not reasonably calculated to lead to the discovery of admissible evidence.

26  ///

27

28

NON-PARTY JOURNALIST ADAM VARY'S
                                        OBJECTIONS TO SUBPOENA FOR DOCUMENTS

1 | Vary objects to this Request on the grounds that the burden associated with searching

2 | for and producing potentially responsive materials, if any, is not proportionate to the

3 | relevance, if any, of the requested material.

4 |

5 | DATED:      December 14, 2021                    JASSY VICK CAROLAN LLP

6 |

7 |

8 |                                                       _____
  |                                                         /s/ *Jean-Paul Jassy*
  |                                                          JEAN-PAUL JASSY

9 |                                                       Counsel for Non-Party Journalist
  |                                                       Adam Vary

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

NON-PARTY JOURNALIST ADAM VARY'S
OBJECTIONS TO SUBPOENA FOR DOCUMENTS