# Exhibit 5

**JASSY VICK CAROLAN** LLP
JEAN-PAUL JASSY, Cal. Bar No. 205513
   jpjassy@jassyvick.com
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone:  310-870-7048
Facsimile:   310-870-7010

Attorneys for Non-Party Journalist
Adam Vary

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RAPP and C.D.,<br><br>                    Plaintiff,<br><br>          vs.<br><br>KEVIN SPACEY FOWLER a/k/a<br>KEVIN SPACEY,<br><br>                    Defendant. | SDNY Case No. 1:20-cv-09586-LAK<br><br>**OBJECTIONS OF NON-PARTY JOURNALIST ADAM VARY TO DEFENDANT KEVIN SPACEY FOWLER'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** |

Non-Party Journalist Adam Vary ("Vary") objects to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") propounded by Defendant Kevin Spacey Fowler ("Defendant" or "Subpoenaing Party").

## **GENERAL OBJECTIONS**

Without waiving any rights to later raise other objections or to bring or oppose any motions or other procedures related to the Subpoena, Adam Vary objects to the Subpoena in its entirety on the following grounds:

1.      Vary objects to the Subpoena on the grounds that it fails to allow a reasonable time to comply.

2.      Vary, a non-party journalist who gathered material for dissemination to the public, objects to the Subpoena to the extent it calls for material protected against the compelled disclosure of unpublished information. *Shoen v. Shoen* (*"Shoen I"*), 5 F.3d 1289, 1292-1295 (9th Cir. 1993) ("Rooted in the First Amendment, the privilege is a recognition that society's interest in protecting the integrity of the newsgathering process, and in ensuring the free flow of information to the public, is an interest 'of sufficient social importance to justify some incidental sacrifice of sources of facts needed in the administration of justice'" and recognizing a qualified First Amendment privilege that applies to confidential and non-confidential information, and applies "in all judicial proceedings, civil and criminal alike"). The federal constitutional privilege protects both confidential and non-confidential information. *Shoen I*, 5 F.3d at 1295. Vary further objects to the Subpoena to the extent that it seeks materials protected by Article I, § 2(b) of the California Constitution, California Evidence Code § 1070, any other applicable state constitutional or statutory protection, and/or the common law. Vary's assertion of the reporter's privilege and reporter's shield derive from various authorities including but not limited to: (1) the qualified First Amendment privilege; (2) the reporter's privilege recognized under the common law pursuant to Federal Rule of Evidence 501; (3) the privilege and shield created by California Constitution, Art. 1, § 2(b), California Evidence Code § 1070(a) and related case law; and (4) any other applicable state constitutional or statutory protection, and/or the common law. *See also Shoen I*, 5 F.3d at 1292-95; *Shoen v. Shoen* (*"Shoen II"*), 48 F.3d 412, 414-416 (9th Cir. 1995) (the federal constitutional

NON-PARTY JOURNALIST ADAM VARY'S
OBJECTIONS TO SUBPOENA FOR DOCUMENTS

1    standard must be rigorous to "ensure that compelled disclosure is the exception, not

2    the rule," and the privilege must prevail in "all but the most exceptional cases");

3    *Gonzales v. Nat'l Broad. Co.*, 194 F.3d 29 (2d Cir. 1999); *Los Angeles Memorial*

4    *Coliseum Comm'n v. National Football League*, 89 F.R.D. 489, 492-496 (C.D. Cal.

5    1981); *Carushka v. Premiere Products, Inc.*, 1989 WL 253565 (C.D. Cal. Sep. 1,

6    1989), *2; *New York Times Co. v. Superior Court*, 51 Cal. 3d 453, 456, 461, 462

7    (1990) (California reporter's shield law provides "on its face an absolute immunity,"

8    and a civil litigant has no federal or state constitutional rights which are sufficient to

9    overcome journalist's rights under the shield law even upon a purported "showing of

10    need for unpublished information") (emphasis added; internal quotation marks

11    omitted); *McGarry v. Univ. of San Diego*, 154 Cal. App. 4th 97, 119-120 (2007) ("the

12    Shield Law confers an absolute immunity against compelled disclosure of the

13    protected information and, although that immunity must occasionally yield when it

14    threatens to frustrate the competing federal constitutional right of a criminal

15    defendant to a fair trial, there is no analogous competing right of a civil litigant that

16    will suffice to overcome the immunity"); *accord* N.Y. Const., art. I, § 8; N.Y. Civ.

17    Rights Law § 79-h; *O'Neill v. Oakgrove Constr., Inc.*, 71 N.Y.2d 521, 523 N.E.2d

18    277 (1988); *Flynn v. NYP Holdings, Inc.*, 235 A.D.2d 907, 652 N.Y.S.2d 833 (3d

19    Dep't 1997).  The authorities referenced in this paragraph are collectively referred to

20    herein as the "Reporter's Privilege/Shield."

21        3.    Vary also objects to the Subpoena to the extent it seeks information

22    and/or documents outside of Vary's possession, custody, or control, or that are not

23    known or reasonably available to him.

24        4.    Vary further objects to the Subpoena to the extent it purports to impose

25    any duty upon Vary that is inconsistent with, or beyond that required by the Federal

26    Rules of Civil Procedure, any applicable orders or rules of the Court, or other

27    applicable law or rules.

28

1        5.     Vary objects to the Subpoena to the extent it requires the disclosure of

2   information or documents, if any, prepared in anticipation of litigation or subject to a

3   claim of privilege or protection, including, without limitation, the attorney work

4   product doctrine, or recognized privacy, confidentiality, proprietary and/or trade

5   secret interests.  Vary hereby claims such privileges and protections to the extent

6   available.

7        6.     Vary objects to the Subpoena to the extent it requires Vary to disclose

8   information and/or documents that are neither relevant to the claims or defenses of

9   any party nor proportional to the needs of the case.

10        7.     Vary objects to the Subpoena on the grounds that it imposes

11   unreasonable and undue burdens that outweigh any potential relevance of the

12   information sought.

13        8.     Vary further objects to the Subpoena to the extent that it seeks

14   information that can be obtained through other means of discovery that are more

15   convenient, less burdensome, or less expensive.

16        9.     Vary further objects to the Subpoena to the extent that it seeks material

17   that is publicly available, accessible from parties to the action and/or already in one

18   or more of the parties to the action's possession, custody, or control.

19        10.    Vary objects to the "Definitions and Instructions" attached to the

20   Subpoena as vague, ambiguous, overbroad and unduly burdensome.

21        11.    Notwithstanding the specificity of Vary's Responses set forth below, he

22   expressly incorporates these General Objections by reference as though fully set forth

23   into his Responses.  Thus, if any objection contained above is not restated under the

24   specific Response to an individual Request, this should not be construed as a waiver

25   of any such objections.

26        12.    Vary objects that the Subpoena was not properly served and therefore

27   that Vary has no obligation to respond to the Subpoena in whole or in part.

28

1       13.    Vary reserves the right to ask the Court to order the Subpoenaing Party

2  to pay all expenses associated with responding to the Subpoena or any portion

3  thereof. *See* Fed. R. Civ. P. 45(d)(2)(B)(ii).

4

5               **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

6       Subject to and without waiving the General Response and General Objections

7  set forth above, Adam Vary responds and objects to the individual Document

8  Requests as follow:

9

10  **REQUEST FOR PRODUCTION NO. 1:**

11       All Documents Concerning any Communication between You and Plaintiff

12  about Fowler.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

14       Vary incorporates by reference, as if fully set forth herein, the General

15  Objections set forth above. Vary objects to this Request to the extent that it calls for

16  material protected from disclosure by the Reporter's Privilege/Shield. Vary objects

17  to this Request to the extent that it calls for material protected from disclosure by the

18  attorney-client privilege, the attorney work product doctrine, and any other applicable

19  privilege or doctrine. Vary objects to this Request to the extent it calls for the

20  disclosure of material protected from disclosure by the right to privacy. Vary objects

21  to this Request as vague, ambiguous, overbroad and unduly burdensome. Vary

22  objects to this Request to the extent that it calls for material that is publicly available

23  and/or equally accessible to the Subpoenaing Party. Vary objects to this Request to

24  the extent that it calls for material not in Vary's possession, custody or control. Vary

25  objects to this Request to the extent that it calls for material that is not relevant and/or

26  not reasonably calculated to lead to the discovery of admissible evidence. Vary

27  objects to this Request on the grounds that the burden associated with searching for

28

1 | and producing potentially responsive materials, if any, is not proportionate to the

2 | relevance, if any, of the requested material.

3 |

4 | **REQUEST FOR PRODUCTION NO. 2:**

5 |      All Documents Concerning any Communication between You and Plaintiff

6 | about Fowler's alleged sexual abuse and/or assault of Plaintiff.

7 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

8 |      Vary incorporates by reference, as if fully set forth herein, the General

9 | Objections set forth above.  Vary objects to this Request to the extent that it calls for

10 | material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

11 | to this Request to the extent that it calls for material protected from disclosure by the

12 | attorney-client privilege, the attorney work product doctrine, and any other applicable

13 | privilege or doctrine.  Vary objects to this Request to the extent it calls for the

14 | disclosure of material protected from disclosure by the right to privacy.  Vary objects

15 | to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

16 | objects to this Request to the extent that it calls for material that is publicly available

17 | and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

18 | the extent that it calls for material not in Vary's possession, custody or control.  Vary

19 | objects to this Request to the extent that it calls for material that is not relevant and/or

20 | not reasonably calculated to lead to the discovery of admissible evidence.  Vary

21 | objects to this Request on the grounds that the burden associated with searching for

22 | and producing potentially responsive materials, if any, is not proportionate to the

23 | relevance, if any, of the requested material.

24 |

25 | **REQUEST FOR PRODUCTION NO. 3:**

26 |      All Documents Concerning any action You took relating to Fowler's alleged

27 | sexual abuse and/or assault of Plaintiff after learning of it.

28 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

-5-

1    Vary incorporates by reference, as if fully set forth herein, the General

2    Objections set forth above.  Vary objects to this Request to the extent that it calls for

3    material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

4    to this Request to the extent that it calls for material protected from disclosure by the

5    attorney-client privilege, the attorney work product doctrine, and any other applicable

6    privilege or doctrine.  Vary objects to this Request to the extent it calls for the

7    disclosure of material protected from disclosure by the right to privacy.  Vary objects

8    to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

9    objects to this Request to the extent that it calls for material that is publicly available

10   and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

11   the extent that it calls for material not in Vary's possession, custody or control.  Vary

12   objects to this Request to the extent that it calls for material that is not relevant and/or

13   not reasonably calculated to lead to the discovery of admissible evidence.  Vary

14   objects to this Request on the grounds that the burden associated with searching for

15   and producing potentially responsive materials, if any, is not proportionate to the

16   relevance, if any, of the requested material.

17

18   **REQUEST FOR PRODUCTION NO. 4:**

19   All Documents Concerning any Communication between You and Plaintiff

20   about any claim by Plaintiff of sexual misconduct or sexual assault.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

22   Vary incorporates by reference, as if fully set forth herein, the General

23   Objections set forth above.  Vary objects to this Request to the extent that it calls for

24   material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

25   to this Request to the extent that it calls for material protected from disclosure by the

26   attorney-client privilege, the attorney work product doctrine, and any other applicable

27   privilege or doctrine.  Vary objects to this Request to the extent it calls for the

28   disclosure of material protected from disclosure by the right to privacy.  Vary objects

NON-PARTY JOURNALIST ADAM VARY'S
OBJECTIONS TO SUBPOENA FOR DOCUMENTS

1    to this Request as vague, ambiguous, overbroad and unduly burdensome. Vary

2    objects to this Request to the extent that it calls for material that is publicly available

3    and/or equally accessible to the Subpoenaing Party. Vary objects to this Request to

4    the extent that it calls for material not in Vary's possession, custody or control. Vary

5    objects to this Request to the extent that it calls for material that is not relevant and/or

6    not reasonably calculated to lead to the discovery of admissible evidence. Vary

7    objects to this Request on the grounds that the burden associated with searching for

8    and producing potentially responsive materials, if any, is not proportionate to the

9    relevance, if any, of the requested material.

10

11    **REQUEST FOR PRODUCTION NO. 5:**

12        All Documents Concerning any Communication between You and any Person

13    about any claim by Plaintiff of sexual misconduct or sexual assault.

14    **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

15        Vary incorporates by reference, as if fully set forth herein, the General

16    Objections set forth above. Vary objects to this Request to the extent that it calls for

17    material protected from disclosure by the Reporter's Privilege/Shield. Vary objects

18    to this Request to the extent that it calls for material protected from disclosure by the

19    attorney-client privilege, the attorney work product doctrine, and any other applicable

20    privilege or doctrine. Vary objects to this Request to the extent it calls for the

21    disclosure of material protected from disclosure by the right to privacy. Vary objects

22    to this Request as vague, ambiguous, overbroad and unduly burdensome. Vary

23    objects to this Request to the extent that it calls for material that is publicly available

24    and/or equally accessible to the Subpoenaing Party. Vary objects to this Request to

25    the extent that it calls for material not in Vary's possession, custody or control. Vary

26    objects to this Request to the extent that it calls for material that is not relevant and/or

27    not reasonably calculated to lead to the discovery of admissible evidence. Vary

28    objects to this Request on the grounds that the burden associated with searching for

1  and producing potentially responsive materials, if any, is not proportionate to the

2  relevance, if any, of the requested material.

3

4  **REQUEST FOR PRODUCTION NO. 6:**

5      All Documents in Your custody, possession, or control Concerning any claim

6  by Plaintiff that he was a victim of sexual misconduct or sexual assault.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

8      Vary incorporates by reference, as if fully set forth herein, the General

9  Objections set forth above.  Vary objects to this Request to the extent that it calls for

10  material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

11  to this Request to the extent that it calls for material protected from disclosure by the

12  attorney-client privilege, the attorney work product doctrine, and any other applicable

13  privilege or doctrine.  Vary objects to this Request to the extent it calls for the

14  disclosure of material protected from disclosure by the right to privacy.  Vary objects

15  to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

16  objects to this Request to the extent that it calls for material that is publicly available

17  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

18  the extent that it calls for material not in Vary's possession, custody or control.  Vary

19  objects to this Request to the extent that it calls for material that is not relevant and/or

20  not reasonably calculated to lead to the discovery of admissible evidence.  Vary

21  objects to this Request on the grounds that the burden associated with searching for

22  and producing potentially responsive materials, if any, is not proportionate to the

23  relevance, if any, of the requested material.

24

25  **REQUEST FOR PRODUCTION NO. 7:**

26      All Documents Concerning any Communication between You and any Person

27  about any media reports or articles about Plaintiff.

28  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

1   Vary incorporates by reference, as if fully set forth herein, the General

2   Objections set forth above.  Vary objects to this Request to the extent that it calls for

3   material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

4   to this Request to the extent that it calls for material protected from disclosure by the

5   attorney-client privilege, the attorney work product doctrine, and any other applicable

6   privilege or doctrine.  Vary objects to this Request to the extent it calls for the

7   disclosure of material protected from disclosure by the right to privacy.  Vary objects

8   to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

9   objects to this Request to the extent that it calls for material that is publicly available

10   and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

11   the extent that it calls for material not in Vary's possession, custody or control.  Vary

12   objects to this Request to the extent that it calls for material that is not relevant and/or

13   not reasonably calculated to lead to the discovery of admissible evidence.  Vary

14   objects to this Request on the grounds that the burden associated with searching for

15   and producing potentially responsive materials, if any, is not proportionate to the

16   relevance, if any, of the requested material.

17

18   **REQUEST FOR PRODUCTION NO. 8:**

19   All Documents Concerning any Communication between You and any

20   reporter, writer, journalist, or other member of the media about Plaintiff.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

22   Vary incorporates by reference, as if fully set forth herein, the General

23   Objections set forth above.  Vary objects to this Request to the extent that it calls for

24   material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

25   to this Request to the extent that it calls for material protected from disclosure by the

26   attorney-client privilege, the attorney work product doctrine, and any other applicable

27   privilege or doctrine.  Vary objects to this Request to the extent it calls for the

28   disclosure of material protected from disclosure by the right to privacy.  Vary objects

-9-

1  to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

2  objects to this Request to the extent that it calls for material that is publicly available

3  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

4  the extent that it calls for material not in Vary's possession, custody or control.  Vary

5  objects to this Request to the extent that it calls for material that is not relevant and/or

6  not reasonably calculated to lead to the discovery of admissible evidence.  Vary

7  objects to this Request on the grounds that the burden associated with searching for

8  and producing potentially responsive materials, if any, is not proportionate to the

9  relevance, if any, of the requested material.

10

11  **REQUEST FOR PRODUCTION NO. 9:**

12     All Documents Concerning any Communication between You and Plaintiff

13  about any sexual encounter involving Plaintiff.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

15     Vary incorporates by reference, as if fully set forth herein, the General

16  Objections set forth above.  Vary objects to this Request to the extent that it calls for

17  material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

18  to this Request to the extent that it calls for material protected from disclosure by the

19  attorney-client privilege, the attorney work product doctrine, and any other applicable

20  privilege or doctrine.  Vary objects to this Request to the extent it calls for the

21  disclosure of material protected from disclosure by the right to privacy.  Vary objects

22  to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

23  objects to this Request to the extent that it calls for material that is publicly available

24  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

25  the extent that it calls for material not in Vary's possession, custody or control.  Vary

26  objects to this Request to the extent that it calls for material that is not relevant and/or

27  not reasonably calculated to lead to the discovery of admissible evidence.  Vary

28  objects to this Request on the grounds that the burden associated with searching for

NON-PARTY JOURNALIST ADAM VARY'S
OBJECTIONS TO SUBPOENA FOR DOCUMENTS

1  and producing potentially responsive materials, if any, is not proportionate to the

2  relevance, if any, of the requested material.

3

4  **REQUEST FOR PRODUCTION NO. 10:**

5      All Documents Concerning any Communication between You and any Person

6  about any sexual encounter involving Plaintiff.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

8      Vary incorporates by reference, as if fully set forth herein, the General

9  Objections set forth above.  Vary objects to this Request to the extent that it calls for

10  material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

11  to this Request to the extent that it calls for material protected from disclosure by the

12  attorney-client privilege, the attorney work product doctrine, and any other applicable

13  privilege or doctrine.  Vary objects to this Request to the extent it calls for the

14  disclosure of material protected from disclosure by the right to privacy.  Vary objects

15  to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

16  objects to this Request to the extent that it calls for material that is publicly available

17  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

18  the extent that it calls for material not in Vary's possession, custody or control.  Vary

19  objects to this Request to the extent that it calls for material that is not relevant and/or

20  not reasonably calculated to lead to the discovery of admissible evidence.  Vary

21  objects to this Request on the grounds that the burden associated with searching for

22  and producing potentially responsive materials, if any, is not proportionate to the

23  relevance, if any, of the requested material.

24

25  **REQUEST FOR PRODUCTION NO. 11:**

26      All Documents Concerning Any Communication between You and Plaintiff

27  about any psychological injury or emotional distress suffered by Plaintiff.

28  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

NON-PARTY JOURNALIST ADAM VARY'S
OBJECTIONS TO SUBPOENA FOR DOCUMENTS

1    Vary incorporates by reference, as if fully set forth herein, the General

2    Objections set forth above.  Vary objects to this Request to the extent that it calls for

3    material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

4    to this Request to the extent that it calls for material protected from disclosure by the

5    attorney-client privilege, the attorney work product doctrine, and any other applicable

6    privilege or doctrine.  Vary objects to this Request to the extent it calls for the

7    disclosure of material protected from disclosure by the right to privacy.  Vary objects

8    to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

9    objects to this Request to the extent that it calls for material that is publicly available

10   and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

11   the extent that it calls for material not in Vary's possession, custody or control.  Vary

12   objects to this Request to the extent that it calls for material that is not relevant and/or

13   not reasonably calculated to lead to the discovery of admissible evidence.  Vary

14   objects to this Request on the grounds that the burden associated with searching for

15   and producing potentially responsive materials, if any, is not proportionate to the

16   relevance, if any, of the requested material.

17

18   **REQUEST FOR PRODUCTION NO. 12:**

19   All Documents Concerning any Communication between You and Plaintiff

20   about Plaintiff's experience working on Broadway in "Precious Sons" in

21   approximately 1986.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

23   Vary incorporates by reference, as if fully set forth herein, the General

24   Objections set forth above.  Vary objects to this Request to the extent that it calls for

25   material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

26   to this Request to the extent that it calls for material protected from disclosure by the

27   attorney-client privilege, the attorney work product doctrine, and any other applicable

28   privilege or doctrine.  Vary objects to this Request to the extent it calls for the

1  disclosure of material protected from disclosure by the right to privacy.  Vary objects

2  to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

3  objects to this Request to the extent that it calls for material that is publicly available

4  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

5  the extent that it calls for material not in Vary's possession, custody or control.  Vary

6  objects to this Request to the extent that it calls for material that is not relevant and/or

7  not reasonably calculated to lead to the discovery of admissible evidence.  Vary

8  objects to this Request on the grounds that the burden associated with searching for

9  and producing potentially responsive materials, if any, is not proportionate to the

10  relevance, if any, of the requested material.

11

12  **REQUEST FOR PRODUCTION NO. 13:**

13       All Documents Concerning any Communication between You and Plaintiff

14  about Plaintiff's experience working on Broadway in "The Little Prince."

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

16       Vary incorporates by reference, as if fully set forth herein, the General

17  Objections set forth above.  Vary objects to this Request to the extent that it calls for

18  material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

19  to this Request to the extent that it calls for material protected from disclosure by the

20  attorney-client privilege, the attorney work product doctrine, and any other applicable

21  privilege or doctrine.  Vary objects to this Request to the extent it calls for the

22  disclosure of material protected from disclosure by the right to privacy.  Vary objects

23  to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

24  objects to this Request to the extent that it calls for material that is publicly available

25  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

26  the extent that it calls for material not in Vary's possession, custody or control.  Vary

27  objects to this Request to the extent that it calls for material that is not relevant and/or

28  not reasonably calculated to lead to the discovery of admissible evidence.  Vary

NON-PARTY JOURNALIST ADAM VARY'S
OBJECTIONS TO SUBPOENA FOR DOCUMENTS

1   objects to this Request on the grounds that the burden associated with searching for

2   and producing potentially responsive materials, if any, is not proportionate to the

3   relevance, if any, of the requested material.

4

5   **REQUEST FOR PRODUCTION NO. 14:**

6       All Documents Concerning any Communication between You and Plaintiff

7   about Plaintiffs' experience working as an actor in New York before he turned 18

8   years old.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

10      Vary incorporates by reference, as if fully set forth herein, the General

11  Objections set forth above.  Vary objects to this Request to the extent that it calls for

12  material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

13  to this Request to the extent that it calls for material protected from disclosure by the

14  attorney-client privilege, the attorney work product doctrine, and any other applicable

15  privilege or doctrine.  Vary objects to this Request to the extent it calls for the

16  disclosure of material protected from disclosure by the right to privacy.  Vary objects

17  to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

18  objects to this Request to the extent that it calls for material that is publicly available

19  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

20  the extent that it calls for material not in Vary's possession, custody or control.  Vary

21  objects to this Request to the extent that it calls for material that is not relevant and/or

22  not reasonably calculated to lead to the discovery of admissible evidence.  Vary

23  objects to this Request on the grounds that the burden associated with searching for

24  and producing potentially responsive materials, if any, is not proportionate to the

25  relevance, if any, of the requested material.

26

27  **REQUEST FOR PRODUCTION NO. 15:**

28

-14-    NON-PARTY JOURNALIST ADAM VARY'S
OBJECTIONS TO SUBPOENA FOR DOCUMENTS

1    All Documents Concerning any Communication between You and Plaintiff

2    about Yul Brynner.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

4    Vary incorporates by reference, as if fully set forth herein, the General

5    Objections set forth above. Vary objects to this Request to the extent that it calls for

6    material protected from disclosure by the Reporter's Privilege/Shield. Vary objects

7    to this Request to the extent that it calls for material protected from disclosure by the

8    attorney-client privilege, the attorney work product doctrine, and any other applicable

9    privilege or doctrine. Vary objects to this Request to the extent it calls for the

10    disclosure of material protected from disclosure by the right to privacy. Vary objects

11    to this Request as vague, ambiguous, overbroad and unduly burdensome. Vary

12    objects to this Request to the extent that it calls for material that is publicly available

13    and/or equally accessible to the Subpoenaing Party. Vary objects to this Request to

14    the extent that it calls for material not in Vary's possession, custody or control. Vary

15    objects to this Request to the extent that it calls for material that is not relevant and/or

16    not reasonably calculated to lead to the discovery of admissible evidence. Vary

17    objects to this Request on the grounds that the burden associated with searching for

18    and producing potentially responsive materials, if any, is not proportionate to the

19    relevance, if any, of the requested material.

20

21    **REQUEST FOR PRODUCTION NO. 16:**

22    All Documents Concerning any Communication between You and Plaintiff

23    about Susan Tyrell.

24    **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

25    Vary incorporates by reference, as if fully set forth herein, the General

26    Objections set forth above. Vary objects to this Request to the extent that it calls for

27    material protected from disclosure by the Reporter's Privilege/Shield. Vary objects

28    to this Request to the extent that it calls for material protected from disclosure by the

attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or doctrine.  Vary objects to this Request to the extent it calls for the disclosure of material protected from disclosure by the right to privacy.  Vary objects to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary objects to this Request to the extent that it calls for material that is publicly available and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to the extent that it calls for material not in Vary's possession, custody or control.  Vary objects to this Request to the extent that it calls for material that is not relevant and/or not reasonably calculated to lead to the discovery of admissible evidence.  Vary objects to this Request on the grounds that the burden associated with searching for and producing potentially responsive materials, if any, is not proportionate to the relevance, if any, of the requested material.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents Concerning any Communication between You and Plaintiff about Ed Harris.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Vary incorporates by reference, as if fully set forth herein, the General Objections set forth above.  Vary objects to this Request to the extent that it calls for material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects to this Request to the extent that it calls for material protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or doctrine.  Vary objects to this Request to the extent it calls for the disclosure of material protected from disclosure by the right to privacy.  Vary objects to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary objects to this Request to the extent that it calls for material that is publicly available and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to the extent that it calls for material not in Vary's possession, custody or control.  Vary

NON-PARTY JOURNALIST ADAM VARY'S
OBJECTIONS TO SUBPOENA FOR DOCUMENTS

1   objects to this Request to the extent that it calls for material that is not relevant and/or

2   not reasonably calculated to lead to the discovery of admissible evidence.  Vary

3   objects to this Request on the grounds that the burden associated with searching for

4   and producing potentially responsive materials, if any, is not proportionate to the

5   relevance, if any, of the requested material.

6

7   **REQUEST FOR PRODUCTION NO. 18:**

8        All Documents Concerning any Communication between You and Plaintiff

9   about Amy Madigan.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

11       Vary incorporates by reference, as if fully set forth herein, the General

12  Objections set forth above.  Vary objects to this Request to the extent that it calls for

13  material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

14  to this Request to the extent that it calls for material protected from disclosure by the

15  attorney-client privilege, the attorney work product doctrine, and any other applicable

16  privilege or doctrine.  Vary objects to this Request to the extent it calls for the

17  disclosure of material protected from disclosure by the right to privacy.  Vary objects

18  to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

19  objects to this Request to the extent that it calls for material that is publicly available

20  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

21  the extent that it calls for material not in Vary's possession, custody or control.  Vary

22  objects to this Request to the extent that it calls for material that is not relevant and/or

23  not reasonably calculated to lead to the discovery of admissible evidence.  Vary

24  objects to this Request on the grounds that the burden associated with searching for

25  and producing potentially responsive materials, if any, is not proportionate to the

26  relevance, if any, of the requested material.

27

28  **REQUEST FOR PRODUCTION NO. 19:**

1     All Documents Concerning any Communication between You and Fowler.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

3     Vary incorporates by reference, as if fully set forth herein, the General

4    Objections set forth above. Vary objects to this Request to the extent that it calls for

5    material protected from disclosure by the Reporter's Privilege/Shield. Vary objects

6    to this Request to the extent that it calls for material protected from disclosure by the

7    attorney-client privilege, the attorney work product doctrine, and any other applicable

8    privilege or doctrine. Vary objects to this Request to the extent it calls for the

9    disclosure of material protected from disclosure by the right to privacy. Vary objects

10   to this Request as vague, ambiguous, overbroad and unduly burdensome. Vary

11   objects to this Request to the extent that it calls for material that is publicly available

12   and/or equally accessible to the Subpoenaing Party. Vary objects to this Request to

13   the extent that it calls for material not in Vary's possession, custody or control. Vary

14   objects to this Request to the extent that it calls for material that is not relevant and/or

15   not reasonably calculated to lead to the discovery of admissible evidence. Vary

16   objects to this Request on the grounds that the burden associated with searching for

17   and producing potentially responsive materials, if any, is not proportionate to the

18   relevance, if any, of the requested material.

19

20   **REQUEST FOR PRODUCTION NO. 20:**

21    All Documents Concerning any Communication between You and any Person

22   about this lawsuit.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

24    Vary incorporates by reference, as if fully set forth herein, the General

25   Objections set forth above. Vary objects to this Request to the extent that it calls for

26   material protected from disclosure by the Reporter's Privilege/Shield. Vary objects

27   to this Request to the extent that it calls for material protected from disclosure by the

28   attorney-client privilege, the attorney work product doctrine, and any other applicable

1    privilege or doctrine.  Vary objects to this Request to the extent it calls for the

2    disclosure of material protected from disclosure by the right to privacy.  Vary objects

3    to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

4    objects to this Request to the extent that it calls for material that is publicly available

5    and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

6    the extent that it calls for material not in Vary's possession, custody or control.  Vary

7    objects to this Request to the extent that it calls for material that is not relevant and/or

8    not reasonably calculated to lead to the discovery of admissible evidence.  Vary

9    objects to this Request on the grounds that the burden associated with searching for

10   and producing potentially responsive materials, if any, is not proportionate to the

11   relevance, if any, of the requested material.

12

13   **REQUEST FOR PRODUCTION NO. 21:**

14        All Documents Concerning any Communication between You and Peter

15   Saghir, Richard Steigman, Rachel Jacobs, or anyone else at the law firm Gair, Gair,

16   Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, which is counsel

17   for Plaintiff in this action.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

19        Vary incorporates by reference, as if fully set forth herein, the General

20   Objections set forth above.  Vary objects to this Request to the extent that it calls for

21   material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

22   to this Request to the extent that it calls for material protected from disclosure by the

23   attorney-client privilege, the attorney work product doctrine, and any other applicable

24   privilege or doctrine.  Vary objects to this Request to the extent it calls for the

25   disclosure of material protected from disclosure by the right to privacy.  Vary objects

26   to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

27   objects to this Request to the extent that it calls for material that is publicly available

28   and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

1   the extent that it calls for material not in Vary's possession, custody or control. Vary

2   objects to this Request to the extent that it calls for material that is not relevant and/or

3   not reasonably calculated to lead to the discovery of admissible evidence. Vary

4   objects to this Request on the grounds that the burden associated with searching for

5   and producing potentially responsive materials, if any, is not proportionate to the

6   relevance, if any, of the requested material.

7

8   **REQUEST FOR PRODUCTION NO. 22:**

9       All Documents Concerning any Communication between You and Robin

10  Magid about Plaintiff.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

12      Vary incorporates by reference, as if fully set forth herein, the General

13  Objections set forth above. Vary objects to this Request to the extent that it calls for

14  material protected from disclosure by the Reporter's Privilege/Shield. Vary objects

15  to this Request to the extent that it calls for material protected from disclosure by the

16  attorney-client privilege, the attorney work product doctrine, and any other applicable

17  privilege or doctrine. Vary objects to this Request to the extent it calls for the

18  disclosure of material protected from disclosure by the right to privacy. Vary objects

19  to this Request as vague, ambiguous, overbroad and unduly burdensome. Vary

20  objects to this Request to the extent that it calls for material that is publicly available

21  and/or equally accessible to the Subpoenaing Party. Vary objects to this Request to

22  the extent that it calls for material not in Vary's possession, custody or control. Vary

23  objects to this Request to the extent that it calls for material that is not relevant and/or

24  not reasonably calculated to lead to the discovery of admissible evidence. Vary

25  objects to this Request on the grounds that the burden associated with searching for

26  and producing potentially responsive materials, if any, is not proportionate to the

27  relevance, if any, of the requested material.

28

-20-     NON-PARTY JOURNALIST ADAM VARY'S
OBJECTIONS TO SUBPOENA FOR DOCUMENTS

**REQUEST FOR PRODUCTION NO. 23:**

All Documents Concerning any Communication between You and Lisa Rocchio about Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Vary incorporates by reference, as if fully set forth herein, the General Objections set forth above. Vary objects to this Request to the extent that it calls for material protected from disclosure by the Reporter's Privilege/Shield. Vary objects to this Request to the extent that it calls for material protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or doctrine. Vary objects to this Request to the extent it calls for the disclosure of material protected from disclosure by the right to privacy. Vary objects to this Request as vague, ambiguous, overbroad and unduly burdensome. Vary objects to this Request to the extent that it calls for material that is publicly available and/or equally accessible to the Subpoenaing Party. Vary objects to this Request to the extent that it calls for material not in Vary's possession, custody or control. Vary objects to this Request to the extent that it calls for material that is not relevant and/or not reasonably calculated to lead to the discovery of admissible evidence. Vary objects to this Request on the grounds that the burden associated with searching for and producing potentially responsive materials, if any, is not proportionate to the relevance, if any, of the requested material.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents Concerning any Communication between You Alex Jung regarding Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Vary incorporates by reference, as if fully set forth herein, the General Objections set forth above. Vary objects to this Request to the extent that it calls for material protected from disclosure by the Reporter's Privilege/Shield. Vary objects

1  to this Request to the extent that it calls for material protected from disclosure by the

2  attorney-client privilege, the attorney work product doctrine, and any other applicable

3  privilege or doctrine.  Vary objects to this Request to the extent it calls for the

4  disclosure of material protected from disclosure by the right to privacy.  Vary objects

5  to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

6  objects to this Request to the extent that it calls for material that is publicly available

7  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

8  the extent that it calls for material not in Vary's possession, custody or control.  Vary

9  objects to this Request to the extent that it calls for material that is not relevant and/or

10  not reasonably calculated to lead to the discovery of admissible evidence.  Vary

11  objects to this Request on the grounds that the burden associated with searching for

12  and producing potentially responsive materials, if any, is not proportionate to the

13  relevance, if any, of the requested material.

14

15  **REQUEST FOR PRODUCTION NO. 25:**

16      All Documents Concerning any Communication between You and any Person

17  employed by New York Magazine about Mr. Fowler.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

19      Vary incorporates by reference, as if fully set forth herein, the General

20  Objections set forth above.  Vary objects to this Request to the extent that it calls for

21  material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

22  to this Request to the extent that it calls for material protected from disclosure by the

23  attorney-client privilege, the attorney work product doctrine, and any other applicable

24  privilege or doctrine.  Vary objects to this Request to the extent it calls for the

25  disclosure of material protected from disclosure by the right to privacy.  Vary objects

26  to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

27  objects to this Request to the extent that it calls for material that is publicly available

28  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

1  the extent that it calls for material not in Vary's possession, custody or control. Vary

2  objects to this Request to the extent that it calls for material that is not relevant and/or

3  not reasonably calculated to lead to the discovery of admissible evidence. Vary

4  objects to this Request on the grounds that the burden associated with searching for

5  and producing potentially responsive materials, if any, is not proportionate to the

6  relevance, if any, of the requested material.

7

8  **REQUEST FOR PRODUCTION NO. 26:**

9      All Documents Concerning any Communication between You and any Person

10  about Fowler.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

12      Vary incorporates by reference, as if fully set forth herein, the General

13  Objections set forth above. Vary objects to this Request to the extent that it calls for

14  material protected from disclosure by the Reporter's Privilege/Shield. Vary objects

15  to this Request to the extent that it calls for material protected from disclosure by the

16  attorney-client privilege, the attorney work product doctrine, and any other applicable

17  privilege or doctrine. Vary objects to this Request to the extent it calls for the

18  disclosure of material protected from disclosure by the right to privacy. Vary objects

19  to this Request as vague, ambiguous, overbroad and unduly burdensome. Vary

20  objects to this Request to the extent that it calls for material that is publicly available

21  and/or equally accessible to the Subpoenaing Party. Vary objects to this Request to

22  the extent that it calls for material not in Vary's possession, custody or control. Vary

23  objects to this Request to the extent that it calls for material that is not relevant and/or

24  not reasonably calculated to lead to the discovery of admissible evidence. Vary

25  objects to this Request on the grounds that the burden associated with searching for

26  and producing potentially responsive materials, if any, is not proportionate to the

27  relevance, if any, of the requested material.

28

-23-          NON-PARTY JOURNALIST ADAM VARY'S
              OBJECTIONS TO SUBPOENA FOR DOCUMENTS

**REQUEST FOR PRODUCTION NO. 27:**

All Documents, Concerning the article You wrote for BuzzFeed News title, "Actor Anthony Rapp: Kevin Spacey Made a Sexual Advance Toward Me When I was 14."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Vary incorporates by reference, as if fully set forth herein, the General Objections set forth above. Vary objects to this Request to the extent that it calls for material protected from disclosure by the Reporter's Privilege/Shield. Vary objects to this Request to the extent that it calls for material protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or doctrine. Vary objects to this Request to the extent it calls for the disclosure of material protected from disclosure by the right to privacy. Vary objects to this Request as vague, ambiguous, overbroad and unduly burdensome. Vary objects to this Request to the extent that it calls for material that is publicly available and/or equally accessible to the Subpoenaing Party. Vary objects to this Request to the extent that it calls for material not in Vary's possession, custody or control. Vary objects to this Request to the extent that it calls for material that is not relevant and/or not reasonably calculated to lead to the discovery of admissible evidence. Vary objects to this Request on the grounds that the burden associated with searching for and producing potentially responsive materials, if any, is not proportionate to the relevance, if any, of the requested material.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents, Including notes, recordings from any interviews, drafts of articles, or any other materials, Concerning Mr. Rapp's allegations against Mr. Fowler.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

NON-PARTY JOURNALIST ADAM VARY'S
OBJECTIONS TO SUBPOENA FOR DOCUMENTS

1     Vary incorporates by reference, as if fully set forth herein, the General

2   Objections set forth above.  Vary objects to this Request to the extent that it calls for

3   material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

4   to this Request to the extent that it calls for material protected from disclosure by the

5   attorney-client privilege, the attorney work product doctrine, and any other applicable

6   privilege or doctrine.  Vary objects to this Request to the extent it calls for the

7   disclosure of material protected from disclosure by the right to privacy.  Vary objects

8   to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

9   objects to this Request to the extent that it calls for material that is publicly available

10   and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

11   the extent that it calls for material not in Vary's possession, custody or control.  Vary

12   objects to this Request to the extent that it calls for material that is not relevant and/or

13   not reasonably calculated to lead to the discovery of admissible evidence.  Vary

14   objects to this Request on the grounds that the burden associated with searching for

15   and producing potentially responsive materials, if any, is not proportionate to the

16   relevance, if any, of the requested material.

17

18   **REQUEST FOR PRODUCTION NO. 29:**

19     All Documents in your custody, possession, or control Concerning Fowler.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

21     Vary incorporates by reference, as if fully set forth herein, the General

22   Objections set forth above.  Vary objects to this Request to the extent that it calls for

23   material protected from disclosure by the Reporter's Privilege/Shield.  Vary objects

24   to this Request to the extent that it calls for material protected from disclosure by the

25   attorney-client privilege, the attorney work product doctrine, and any other applicable

26   privilege or doctrine.  Vary objects to this Request to the extent it calls for the

27   disclosure of material protected from disclosure by the right to privacy.  Vary objects

28   to this Request as vague, ambiguous, overbroad and unduly burdensome.  Vary

1  objects to this Request to the extent that it calls for material that is publicly available

2  and/or equally accessible to the Subpoenaing Party.  Vary objects to this Request to

3  the extent that it calls for material not in Vary's possession, custody or control.  Vary

4  objects to this Request to the extent that it calls for material that is not relevant and/or

5  not reasonably calculated to lead to the discovery of admissible evidence.

6  Vary objects to this Request on the grounds that the burden associated with searching

7  for and producing potentially responsive materials, if any, is not proportionate to the

8  relevance, if any, of the requested material.

9

10  DATED:       January 12, 2022        JASSY VICK CAROLAN LLP

11

12                                            _/s/ Jean-Paul Jassy_

13                                            JEAN-PAUL JASSY
                                             Counsel for Non-Party Journalist
14                                            Adam Vary

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NON-PARTY JOURNALIST ADAM VARY'S
                                             OBJECTIONS TO SUBPOENA FOR DOCUMENTS

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to this action.  My business address is 355 S. Grand Ave., Suite 2450, Los Angeles, CA  90071.

     On January 12, 2022, I served true copies of the following document(s) described as:

**OBJECTIONS OF NON-PARTY JOURNALIST ADAM VARY TO DEFENDANT KEVIN SPACEY FOWLER'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

on the interested party(ies) in this action as follows:

Chase A. Scolnick
KELLER/ANDERLER LLP
18300 Von Karman Ave., Suite 930
Irvine, CA 92612
Email: cscolnick@kelleranderle.com

Peter J. Saghir
Ben Rubinowitz
Rachel Jacobs
GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM
    HERSHENHORN, STEIGHMAN & MACKAUF
80 Pine Street, 34th Floor
New York, NY 10005
Email: psaghir@gairgair.com; bbr@gairgair.com; rjacobs@gairgair.com

☑   **BY FIRST-CLASS MAIL:**  I deposited said document(s) in a sealed envelope(s) with the United States Postal Service at Los Angeles, California, for delivery, with the postage fully prepaid.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party(ies)

PROOF OF SERVICE

1    served, service is presumed invalid if postal cancellation date or postage
2    meter date is more than one day after date of deposit for mailing in affidavit.

3    ☑    **BY ELECTRONIC MAIL (E-MAIL):**  I caused the said document(s) to be
4    transmitted by e-mail to the person(s) at the email address(es) listed above. I
     did not receive, within a reasonable time after the transmission, any electronic
5    message or other indication that the transmission was unsuccessful.

6        I declare under penalty of perjury under the laws of the State of California
7    that the above is true and correct.

8        Executed on January 12, 2022, at Los Angeles, California.

9
10                                          Marlene Rios

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    PROOF OF SERVICE