# Exhibit 6



December 29, 2021

**<u>By E-mail</u>**

Jean-Paul Jassy
JASSY VICK CAROLAN
355 S. Grand Ave, Suite 2450
Los Angeles, CA 90071
(Tel)  310.870.7048
(Fax) 310.870.7010
Email: jpjass@jassyvick.com

>   Re:   <u>Anthony Rapp v. Kevin Spacey Fowler a/k/a Kevin Spacey</u>
>         Southern District of New York, Case No. 1:20-cv-09586 (LAK)
>         Subpoenas to Adam Vary

Dear Jean-Paul,

I write to meet and confer with you regarding the recent deposition of and subpoenas to your client, Adam Vary.  Mr. Vary was deposed on December 16, 2021 but you repeatedly objected and Mr. Vary refused to answer questions about legitimate and proper discovery.  Likewise, Mr. Vary produced no documents in response to the document subpoena even though the requests seek relevant, proportional, and legitimate information.  Please let me know when you are available to discuss these matters.

**<u>Mr. Vary Refused To Answer Legitimate Questions At His Deposition</u>**

During the deposition, you repeatedly interjected disruptive, inapposite, and meritless objections.  Following your instructions, Mr. Vary refused to answer or gave only partial answers to many lines of inquiry even though we are entitled to discover such information.  This was improper.

Mr. Vary refused to answer any questions that went beyond the material explicitly published in his Buzzfeed articles.  Mr. Vary's failures to answer questions are too numerous to itemize here.  But, in broad strokes, Mr. Vary refused to answer many questions about his communications with Mr. Rapp or about his allegations.  Mr. Vary refused to respond to questions about what Mr. Rapp told him, which is highly relevant given Mr. Rapp's shifting story and flawed memory.  Mr. Vary also refused to respond to questions about what he did to investigate Mr. Rapp's claims other than what was explicitly published.  This information goes directly to the integrity and veracity of Mr. Vary and his article.  Mr. Vary also refused to testify about his motivation or reasons for changing some of Mr. Rapp's statements before the Buzzfeed article was

December 29, 2021
Page 2

printed or whether he knew certain facts were false or misleading. This information goes directly goes to the credibility of Mr. Vary, his articles, and Mr. Rapp.

Many of your objections and instructions relied exclusively or primarily on the "Reporter's Privilege/Shield." But that protection does not apply to many questions posed to Mr. Vary, such as the manner, conduct, and circumstances of his investigation into Mr. Rapp's allegations. And to the extent it applies to information gathered by Mr. Vary from his sources, the reporter's shield provides only qualified protection that is outweighed here. The information sought at Mr. Vary's deposition – such as what Mr. Rapp told Mr. Vary, what other non-confidential sources told Mr. Vary about Mr. Rapp's allegations, and Mr. Vary's knowledge or information about the veracity of Mr. Rapp's claims – are relevant, noncumulative, and cannot be obtained from sources. See, e.g., *Mark v. Shoen*, 48 F.3d 412, 416 (9th Cir. 1995). While we have deposed Mr. Rapp and other witnesses who spoke to Mr. Vary, their recollections about their conversation with Mr. Vary were largely nonspecific. Mr. Vary's recollection and documents are the only materials which can provide greater information on the important evidence of these witnesses' statements and knowledge before publication of Mr. Vary's article.

### Mr. Vary Refused To Produce Documents In Response to Subpoena Duces Tecum

Besides refusing to answer questions at his deposition, Mr. Vary also refused to produce documents in response to the records subpoena served on him.

As an initial matter, the procedural defects of which you have complained are immaterial and do not warrant Mr. Vary's continuing non-compliance. But out of an abundance of caution, a new documents subpoena has been issued for Mr. Vary which cures any perceived defects. We trust this satisfies any disingenuous concern you may have had about the subpoena's effectiveness. The new subpoena contains the same requests as the prior subpoena except that we have withdrawn Request No. 7, which leaves twenty-nine (29) requests.

Further, the requests are eminently reasonable and appropriate. They seek documents and communications about Mr. Rapp and his allegations in this case. Mr. Rapp's communications with Mr. Vary are especially relevant given Mr. Rapp's credibility will be a key issue at trial. Mr. Rapp's providing of uncertain, inaccurate, and/or changing details about his story raises serious questions about his credibility. Likewise, Mr. Vary spoke with various third parties to inquire and investigate aspects of Mr. Rapp's allegations. Those witnesses' statements to Mr. Vary and/or his colleagues are critical to determine the extent of those witnesses' memory. Their statements to Mr. Vary before the widespread dissemination of Mr. Rapp's allegations are important to determine what these witnesses may actually have recollected.

Mr. Vary's objections based on the "Reporter's Privilege/Shield" are inapposite. Further, Mr. Vary cannot claim this protection for many categories of documents. For example, Mr. Vary is personal friends with Mr. Rapp, and his communications before and after the late October 2017 time period cannot be covered by any purported privilege. Likewise, Mr. Vary's communications with Mr. Rapp's lawyers or representatives about this case cannot be protected or withheld.

December 29, 2021
Page 3

      Mr. Vary's boilerplate objections and blanket privilege assertions are insufficient. Under Federal Rule of Civil Procedure 45(e)(1)(A), Mr. Vary must produce all responsive documents "as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand." Mr. Vary has substantiated no claim of undue burden. Nor does it appear any burden could exist to produce readily identifiable communications and documents in his possession.

      Likewise, Mr. Vary cannot rely on his blanket, nonspecific claims of privilege. Instead, under Federal Rule of Civil Procedure 45(e)(2)(A), a responding party withholding documents on privilege grounds must "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Mr. Vary has not done so here and instead has broadly claimed all documents in his possession are protected, even though he provides no details about such documents. Mr. Vary must provide specific information akin to that which would go on a privilege log to allow us to assess his privilege assertions.

      Mr. Vary's blanket objections make it impossible to know which documents Mr. Vary has withheld and refused to produce. The document subpoenas contains 29 requests because they are narrowly tailored to communications and documents only with or about certain individuals or about specific allegations. They are not overbroad or unduly burdensome. Mr. Fowler is entitled to documents in Mr. Vary's possession responsive to all 29 requests.

      Respectfully,
      KELLER/ANDERLE LLP

      Chase A. Scolnick

cc:    Peter J. Saghir
       Ben Rubinowitz
       Rachel Jacobs
       Michael Tremonte
       Erica A. Wolff
       Jennifer L. Keller
       Jay P. Barron