# Exhibit 9

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY RAPP and C.D.,                                          Case No. 1.20-cv-09586 (LAK)(SDA)

                         Plaintiffs,                            RESPONSE TO DEFENDANT
                                                                KEVIN SPACEY'S FIRST SET
    -against-                                                   OF INTERROGATORIES TO
                                                                PLAINTIFF ANTHONY RAPP
KEVIN SPACEY FOWLER a/k/a/ KEVIN SPACEY,

                         Defendant.
------------------------------------------------------------X
```

## PLAINTIFF ANTHONY RAPP'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

PLEASE TAKE NOTICE, that plaintiff, ANTHONY RAPP, by and through his attorneys, Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman and Mackauf, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, responds to Defendant, KEVIN SPACEY's, First Set of Interrogatories to Plaintiff Anthony Rapp as follows:

**INTERROGATORY NO. 2**: Identify all Persons with whom You had any Communication Concerning the Alleged Incident, or to whom You disclosed the Alleged Incident, before the publication on or about October 29, 2017, of the Buzzfeed article about Your allegations, including without limitation Christopher Hart, Christopher Denny, Tracie Thoms, Camryn Manheim, Elise Konialian, Elizabeth Law, and Michael McElroy whom You mentioned at Your deposition.

**RESPONSE TO INTERROGATORY NO. 2**:

I do not recall the name of each person I communicated with or disclosed the abuse to before the publication of the Buzzfeed article on or about October 29, 2017. To the best of my recollection, I communicated with or disclosed the abuse to the following people:

    Louie (last name not known)
    Arjuna Rice
    Tim Meehan
    Steven Rosen
    Ray Ellin
    Muneesh Jain
    Sarah Fargo
    Ken Ithiphol
    Robin Magid
    Mackenzie Astin
    Michael McGoff
    Reed Birney

**INTERROGATORY NO. 4**: For each Person identified in Your response to Interrogatory No. 2 or Interrogatory No. 3, describe in detail the substance and date of every Communication between You and that Person Concerning the Alleged Incident.

**RESPONSE TO INTERROGATORY NO. 4**:

I do not recall in detail the substance and date of every communication with the people listed in response to interrogatories 2 and 3. To the best of my recollection, the sum and substance of the communications I recall are set forth below:

I do not recall when I told John Barrowman, but I told him I was invited to a party at Kevin Spacey's apartment when I was fourteen. I do not recall the exact words I used but I do recall telling him in substance that I was sitting on Spacey's bed watching television when Spacey came into the room appearing to be intoxicated. He proceeded to pick me up like a groom picks up a bride over the threshold and laid me down on the bed and then climbed on top of me in a sexual way and pressed himself into me holding me tight. I froze but was then able to squirm out from under him, went into the bathroom to gather myself and left the apartment. I may have provided additional details such as I provided in my deposition testimony but I am unable to state with certainty what more details, if any, I provided. I also communicated with Mr. Barrowman about the incident over text messages which are incorporated by reference

appearing to be intoxicated. He proceeded to pick me up like a groom picks up a bride over the threshold and laid me down on the bed and then climbed on top of me in a sexual way and pressed himself into me holding me tight. I froze but was then able to squirm out from under him, went into the bathroom to gather myself and left the apartment. I may have provided additional details such as I provided in my deposition testimony but I am unable to state with certainty what more details, if any, I provided. I also communicated with Ms. Konialian about the incident over text messages which are incorporated by reference herein (Exhibit A, bates numbers AR000125-AR000128). The text messages reflect my best recollection of the communications I had on the date and time reflected in the text message. I also spoke with her on the phone before and after to make her aware of the Buzzfeed article being published but I do not recall the details or dates of those conversations.

In approximately October 2017 I told Adam B. Vary that I was invited to a party at Kevin Spacey's apartment when I was fourteen. I do not recall the exact words I used but I do recall telling him in substance that I was sitting on Spacey's bed watching television when Spacey came into the room appearing to be intoxicated. He proceeded to pick me up like a groom picks up a bride over the threshold and laid me down on the bed and then climbed on top of me in a sexual way and pressed himself into me holding me tight. I froze but was then able to squirm out from under him, went into the bathroom to gather myself and left the apartment. I provided additional details of the abuse that are reflected in the Buzzfeed article, but I am unable to state with certainty what more details I provided. I also communicated with Mr. Vary about the incident over text messages which are incorporated by reference herein (Exhibit A, bates numbers AR000129-AR000208). In addition, the substance of my conversations with Mr. Vary are included in the articles he wrote for Buzzfeed in 2017 and 2018. The text messages reflect

11

my best recollection of the communications I had on the date and time reflected in the text message.

I do not recall when, but before the Buzzfeed article was published I told Adam Pascal that I was invited to a party at Kevin Spacey's apartment when I was fourteen. I do not recall the exact words I used but I do recall telling him in substance that I was sitting on Spacey's bed watching television when Spacey came into the room appearing to be intoxicated. He proceeded to pick me up like a groom picks up a bride over the threshold and laid me down on the bed and then climbed on top of me in a sexual way and pressed himself into me holding me tight. I froze but was then able to squirm out from under him, went into the bathroom to gather myself and left the apartment. I may have provided additional details such as I provided in my deposition testimony but I am unable to state with certainty what more details, if any, I provided. I also communicated with Mr. Pascal about the incident over text messages which are incorporated by reference herein (Exhibit A, bates numbers AR000209-AR000211). The text messages reflect my best recollection of the communications I had on the date and time reflected in the text message. I have communicated with Mr. Pascal in person about the incident but I do not recall the dates or details of those conversations.

I told Adam Rapp in the mid-1990's that I was invited to a party at Kevin Spacey's apartment when I was fourteen. I do not recall the exact words I used but I do recall telling him in substance that I was sitting on Spacey's bed watching television when Spacey came into the room appearing to be intoxicated. He proceeded to pick me up like a groom picks up a bride over the threshold and laid me down on the bed and then climbed on top of me in a sexual way and pressed himself into me holding me tight. I froze but was then able to squirm out from under him, went into the bathroom to gather myself and left the apartment. I may have provided

12

Purpose and/or reason for the Communication Concerning the Alleged Incident: I do not recall the specific purpose or reason for me disclosing the abuse to Mr. Qaudrino.

Reed Birney:

Circumstances of the communication, including without limitation the means by which the Communication occurred (e.g., in person, telephone, text message): In person.

Locations of all Persons involved in the Communication: I do not know where he is located.

Purpose and/or reason for the Communication Concerning the Alleged Incident: Mr. Birney approached me to thank me for going public and to share his observation on the set of House of Cards.

PLEASE TAKE FURTHER NOTICE that Plaintiff, ANTHONY RAPP, reserves the right to supplement this Response to Interrogatories.

Dated: New York, New York
August 9, 2021

Yours etc.,
GAIR, GAIR, CONASON, RUBINOWITZ,
BLOOM, HERSHENHORN, STEIGMAN & MACKAUF

*[signature]*

PETER J. SAGHIR
Attorneys for Plaintiffs
80 Pine Street, 34th Floor
New York, New York 10005
(212) 943-1090

TO:
Jennifer Keller, Esq.
Jay P. Barron, Esq.
Chase A. Scolnick, Esq.
Keller/Anderle LLP
18300 Von Karman Avenue
Suite 930
Irvine, California 92612-1057
jkeller@kelleranderle.com
jbarron@kelleranderle.com
cscolnick@kelleranderle.com

Michael Tremonte, Esq.
Erica A. Wolff, Esq
Sher Tremonte LLP
90 Broad Street, 23rd Floor
New York, New York 10004
mtremonte@shertremonte.com
ewolff@shertremonte.com

## VERIFICATION OF INTERROGATORIES

My name is Anthony Rapp. I am the plaintiff in this matter. I have reviewed the answers to the First Set of Interrogatories to Plaintiff Anthony Rapp as set out in this document.

I declare under penalty of perjury under the laws of the United States of American that the foregoing is true and correct to the best of my knowledge.

Executed on August 9, 2021

_____
Anthony Rapp