**JASSY VICK CAROLAN LLP**
JEAN-PAUL JASSY, Cal. Bar No. 205513
  jpjassy@jassyvick.com
MEGHAN FENZEL, Cal. Bar No. 324139
  mfenzel@jassyvick.com
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone:  310-870-7048
Facsimile:   310-870-7010

Attorneys for Non-Party Journalist and
Responding Party
ADAM VARY

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY,<br><br>　　　　　Moving Party,<br><br>vs.<br><br>ADAM VARY,<br><br>　　　　　Responding Party. | Case No. 2:22-mc-00030<br><br>**DECLARATION OF JEAN-PAUL JASSY IN SUPPORT OF NON-PARTY JOURNALIST ADAM VARY'S OPPOSITION TO KEVIN SPACEY FOWLER'S MOTION TO COMPEL; WITH EXHIBITS 10 AND 11** |

I, Jean-Paul Jassy, declare as follows:

1. I am over the age of 18 years, and I am an attorney authorized to practice before this Court. I am a partner of Jassy Vick Carolan LLP, counsel to non-party journalist Adam Vary, and I submit this declaration in support of Mr. Vary's Opposition to Kevin Spacey Fowler's motion to compel in the matter of *Kevin Spacey Fowler a/k/a Kevin Spacey v. Adam Vary*, U.S. Dist. Ct., C.D. Cal., with an underlying action, *Anthony Rapp v. Kevin Spacey Fowler*, pending in the U.S. Dist. Ct., S.D.N.Y., Case No. 1:20-cv-09586-LAK. The following facts are true of my own personal knowledge except for those stated on information and belief, which facts I believe to be true.

2. I am informed and believe that Mr. Vary has resided and worked in the Central District of California at all times relevant to this matter, and that any and all documents within Mr. Vary's possession, custody or control that would have any potential relevance to this matter would be in the Central District of California or accessible to Mr. Vary from the Central District of California.

3. Submitted concurrently with this Declaration is **Exhibit 10**, which is a true and correct copy of an article by Mr. Vary written for *BuzzFeed* entitled "Actor Anthony Rapp: Kevin Spacey Made a Sexual Advance Toward Me When I Was 14," published on October 29, 2017 and updated on October 30, 2017.

4. Mr. Vary was deposed by counsel for Mr. Fowler on December 16, 2021. I was present for such deposition and represented Mr. Vary at the deposition. The deposition lasted for more than seven hours. Submitted concurrently with this Declaration is **Exhibit 11**, which are true and correct copies of pertinent pages from the certified deposition transcript of Mr. Vary's December 16, 2021 deposition.

5. A total of five subpoenas were issued to Mr. Vary in this matter – three document subpoenas and two deposition subpoenas.

6. I repeatedly advised counsel for Mr. Fowler, Chase Scolnick, Esq., before the deposition (including in letters dated November 18, 2021 and December

14, 2021) that I would raise objections at deposition based on the Reporter's Shield/Privilege, and I renewed those objections at the beginning of the deposition and throughout the deposition.

7. In an effort to compromise during the meet and confer process concerning the instant motion to compel, I advised Mr. Scolnick that Mr. Vary would review his deposition transcript to see if there is more information Mr. Vary might offer, and I also offered to shorten the time for Mr. Vary to review the transcript from 30 days to 20 days following access to the transcript. Mr. Vary's portion of the joint stipulation concerning the motion to compel is due back to Mr. Scolnick before the 20 days have expired, so Mr. Fowler's counsel is moving to compel (or threatening to move to compel) before Mr. Vary has had a full opportunity to review the transcript.

8. We already produced to Mr. Scolnick text messages between Mr. Vary and counsel for Mr. Rapp. During the meet and confer process, I offered to produce published articles by Mr. Vary, but Mr. Scolnick declined, explaining that his office already had those. Also during the meet and confer process, Mr. Scolnick asserted at one point that this case is akin to a criminal prosecution. In response, I asked Mr. Scolnick, "So if Fowler loses this civil case that would mean that he is a criminal?," and Mr. Scolnick replied: "Of course not." Additionally, I invited Mr. Scolnick to tell me why he believed many of the document requests to Mr. Vary – that seemed unrelated to Mr. Fowler and the current action – were relevant, but Mr. Scolnick did not articulate such relevance. I invited Mr. Scolnick to tell me if he believed there were any documents that were either not assertedly protected by the Reporter's Shield/Privilege, not communications between Mr. Vary and Mr. Rapp's counsel, or relevant and not already published articles, but Mr. Scolnick did not respond to that invitation.

9. Counsel for Mr. Vary have billed over $18,000 preparing papers in opposition to Mr. Fowler's motion to compel. That figure does not include objecting

to Mr. Fowler's five subpoenas, preparing for and defending Mr. Vary's deposition, or engaging in the meet and confer process for the instant motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Los Angeles County, California on February 7, 2022.

                                            /s/ Jean-Paul Jassy

                                              Jean-Paul Jassy