UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.  2:22-mc-00030-MWF-AFMx                                         Date:  February 22, 2022

Title        Anthony Rapp v. Kevin Spacey Fowler a/k/a Kevin Spacey

Present: The Honorable:     ALEXANDER F. MacKINNON, U.S. Magistrate Judge

| Ilene Bernal | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):  Order Transferring Action to the Southern District of New York (Filed February 9, 2022; ECF No. 1)**

  This miscellaneous case relates to a Motion to Compel and for Contempt Re Adam Vary's Deposition and Response to Subpoena Seeking Production of Documents ("Motion").  (ECF No. 1.)  The Motion arises from a Rule 45 subpoena in a case pending in the United State District Court for the Southern District of New York.  The Court has reviewed the Motion and associated papers and finds that exceptional circumstances exist to transfer the case to the Southern District of New York.

  At the time the Motion was filed, the January 18, 2022 discovery cut-off date for this case (as ordered by the Southern District of New York) had passed.  Also, at the time the Motion was filed, the deadline for filing pretrial materials was February 18, 2022, although that date has apparently been extended to March 4, 2022.  In the Central District of California, a motion to compel would typically be denied as untimely if filed after the discovery cut-off date and close to the trial.  That would be the Court's inclination as to the present Motion as well, particularly given that the non-party deposition in question was taken on December 16, 2021, yet the Motion was not filed until February 9, 2022.  Nevertheless, it has been represented to the Court that a motion to compel with such timing may be permitted in the Southern District of New York, although that is not clear from the discovery cut-off order in the case.  In light of these concerns as to the timeliness of the motion and to ensure there is no interference with preparations for the upcoming trial, the Court finds that exceptional circumstances exist and that this case should be transferred to the Southern District of New York where the underlying litigation is pending.[1]  In reaching this conclusion, the Court has

---

[1] The Advisory Committee Notes concerning the 2013 amendment to subdivision (f) (which added the "exceptional circumstances" requirement) state that "transfer may be warranted to avoid disrupting the issuing court's management of the underlying litigation . . . ."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:22-mc-00030-MWF-AFMx                                    Date:  February 22, 2022

Title     Anthony Rapp v. Kevin Spacey Fowler a/k/a Kevin Spacey

considered the potential burden of a transfer on the non-party.  It is noted that briefing is complete on the Motion, and further written work by the non-party appears unlikely in this regard.  Also, it may be possible to hold any hearing on the Motion remotely, as suggested in the Advisory Committee Notes in the event of a Rule 45(f) transfer.

    IT THEREFORE IS ORDERED that pursuant to Fed. R. Civ. P. 45(f), this action is transferred to the United States District Court for the Southern District of New York.  The Clerk shall effect such transfer and notify the parties and counsel for non-party Adam Vary. [2]

    IT IS SO ORDERED.

|  | : |
|---|---|
| **Initials of Preparer** | ib |

---

[2] Because an order transferring venue does not address the merits of the case, it is a nondispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See In re Dept. of Education*, __ F.4th __, 2022 WL 334121, at *5 (9th Cir. Feb. 4, 2022) ("The order here merely transferred the action to another federal court and did not affect the viability of a claim or defense or the federal appellate courts' ability to correct errors. Thus, the transfer order was nondispositive, and the magistrate judge had jurisdiction to enter it."); *Corrinet v. Burke*, 2012 WL 1952658, at *6 (D. Or. Apr. 30, 2012); *Shenker v. Murasky*, 1996 WL 650974, at *1 (E.D.N.Y. Nov. 6, 1996) ("An order issued by a magistrate judge transferring venue . . . is non-dispositive.").