UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:22-mc-00030-MWF-AFMx                          Date:  February 25, 2022

Title  Anthony Rapp v. Kevin Spacey Fowler a/k/a Kevin Spacey

Present: The Honorable:     ALEXANDER F. MacKINNON, U.S. Magistrate Judge

| Ilene Bernal | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):  Order Denying Non-Party Adam Vary's *Ex Parte* Application to Stay Order Transferring Case (ECF Nos. 10, 11)**

Non-party Adam Vary has filed an *ex parte* application for an order staying this Court's order transferring the case to the United States District Court for the Southern District of New York. (ECF Nos. 10, 11.)  Plaintiff opposes the *ex parte* application (ECF No. 13).  For the following reasons, the Court denies the *ex parte* application.  First, by the time the Court initially reviewed the *ex parte* application on the morning of February 24, 2022, the Clerk had already forwarded the transfer order to the Southern District of New York.  Thus, the *ex parte* application – seeking to stop transmission of the transfer order – is moot.  Second, the *ex parte* application does not show that Mr. Vary would suffer irreparable injury from transfer of the case to the Southern District of New York or if *ex parte* relief is denied.  That is fatal to the application.  *See Mission Power Eng. Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  No harm is identified from the transfer:  Briefing on the motion to compel has been completed, and the Court has been informed that discovery hearings in the Southern District of New York have taken place via remote means.  Moreover, the Clerk has informed the Southern District of New York of this *ex parte* application which indicates Mr. Vary's intent to challenge the transfer order.  Although Mr. Vary speculates that *ex parte* relief is necessary for him to obtain review of the transfer order, the law indicates otherwise – particularly where the transferee court has not taken any action on the matter.  *See* 18B Wright & Miller: Federal Prac. & Proc. § 4478.4, n.10 (3d ed.); *Robbins v. Pocket Beverage Co., Inc.*, 779 F.2d 351, 356 (7th Cir. 1985) (after ordering transfer of the case, the district court retained power to reconsider and vacate the transfer order); Fed. R. Civ. P. 72(a) and Local Rule 72-2.1.

IT IS SO ORDERED.

|  | : |
|---|---|
| **Initials of Preparer** | ib |